**Pell David LINK, Esq.**

v.

**Anthony J. CELEBREZZE, Secretary, Department of Health, Education and Welfare.**

**Civ. A. No. 35210.**

United States District Court
E. D. Pennsylvania.

Dec. 17, 1964.

Pell David Link, in pro. per.

Drew J. T. O'Keefe, and Joseph H. Reiter, U. S. Attys., Philadelphia, Pa., for defendant.

BODY, District Judge.

On March 2, 1964 plaintiff had filed in the District Court for the Eastern District of Pennsylvania a motion for preliminary injunction and a complaint as one paper marked docket entry # 1. He seeks reinstatement of his employment, back pay, and all benefits that may have accrued since his dismissal on May 15, 1963. The Government filed its objections to the request for a preliminary injunction on March 6, 1964. Thereafter, on March 9, 1964, after a hearing was held, the Court dismissed the motion for a preliminary injunction. In addition, leave was granted for the plaintiff to amend his complaint. However, plaintiff did not elect to amend and now requests this Court to consider the complaint in conjunction with our consideration of the defendant's motion to dismiss the complaint.

From the brief and oral argument of the defendant I note that the plaintiff, Pell David Link, Esquire, was employed by the Social Security Administration on March 20, 1961 with a Civil Service score of 84.0, and was assigned to a training program. Subsequently, plaintiff was promoted to a position titled "Claims Authorizer" at Grade GS–9. On December 18, 1962 plaintiff was warned by letter that his performance was substandard and that he would have ninety days (until March 18, 1963) within which to raise the level of his performance. A letter of charges was issued on April 11, 1963 to which plaintiff replied by letters of April 18, 1963 and April 24, 1963. Plaintiff requested and was granted a personal interview on April 26, 1963.

By letter dated May 6, 1963 plaintiff was informed of his dismissal which he appealed to the Secretary of the Department of Health, Education and Welfare. On May 15, 1963 the plaintiff was removed from service, and the Secretary

of the Department of Health, Education and Welfare denied his appeal on June 14, 1963. Within ten days plaintiff appealed the Secretary's denial to the Civil Service Commission, and on September 26, 1963 the Commission rejected said appeal. Plaintiff then appealed for a de novo review by the Civil Service Commission, and this request was denied on January 23, 1964. Thus plaintiff has exhausted his administrative remedies.

Jurisdiction of this Court has been invoked by the plaintiff through Article III, Sections I and II of the United States Constitution, and the following sections of the United States Code: 28 U.S.C. § 2284; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 5 U.S.C. § 863; 18 U.S.C. § 372.

Plaintiff's complaint alleges:

"2. Plaintiff appellant alleges that between the period of January 1963 and May 15, 1963, one John De Seimone, supervisor in the Philadelphia Payment Center, employee of the Federal Government Social Security did subject the appellant a Federal employee, Claims Authorizer of the same agency to illegal and inhuman treatment.

"3. The appellant was constantly paraded up and down the aisle during the working hours for private conferences which served to ridicule and to degrade the appellant in the eyes of his fellow employees.

"4. The appellant did receive bundle of cases which contained chemicals or nauseating gases that had the effect of restraining and impeding physical and mental locomotion and sometimes resulted in incoherent speech. And Mr. De Seimone did on these occasions permit technical assistants from other units to converse and harass my performance.

"5. The appellant further alleges that because of this conduct on the part of the Administration he was prevented from the discharging of his official duties and was subse-quently dismissed from his position with the Agency."

In his complaint plaintiff requests that his petition for a preliminary injunction be incorporated and made a part of the complaint, and the Court issue an order making the said relief permanent. Since the matter in reference to the injunction had been adjudicated by this Court on March 9, 1964 adversely to the plaintiff, with no motion outstanding or appeal taken, the matter will not be considered at this time. In essence, the plaintiff is requesting this Court to reinstate him retroactively to his previous position, and to entitle him to all the benefits that may have accrued therefrom.

Defendant contends that plaintiff has failed to join an indispensable party and consequently the complaint must be dismissed. Therefore, the issue to be decided is whether the members of the Civil Service Commission are an indispensable party to an action by a discharged employee who is requesting reinstatement following a dismissal by local supervisors, and the affirmance of that dismissal by the Civil Service Commission.

 A court cannot proceed in the absence of an indispensable party, but will proceed in the absence of a formal party. Where a necessary party is absent, it is discretionary with the court whether or not it shall proceed. The classic definition of an indispensable party is one as to whom any judgment, if effective, would necessarily affect his interest, or would, if his interest is eliminated, constitute unreasonable, inequitable, or impractical relief.

"* * * the question of indispensability of parties is dependent not on the nature of the decision attacked but on the ability and authority of the defendant before the court to effectuate the relief which the party seeks. * * *"

Adamietz v. Smith, 273 F.2d 385, 387 (3rd Cir. 1960), Cert. Den. 363 U.S. 850, 80 S.Ct. 1628, 4 L.Ed.2d 1732.

In Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534, the Supreme Court held that in a suit involving an action of the Civil Service Commission, the suit must be brought against the individual commissioners as members of the United States Civil Service Commission. As further stated in Adamietz v. Smith, supra:

"Even a cursory reading of appellant's prayer for relief indicates that the appellee herein is neither able nor authorized to grant all the relief the appellant seeks. * * * Moreover, the appellee is not even in a position to reinstate the appellant in the face of a contrary holding by the Commission. * * * "

In view of these circumstances, the Government's motion to dismiss will be granted. At argument plaintiff alleged that his motion for a directed verdict and his motion for a preliminary injunction on his amended brief are before the Court. If these are plaintiff's contentions, the said motions are hereby denied since they are without merit.