GENTRON CORPORATION, Plaintiff,

v.

H. C. JOHNSON AGENCIES,
INC., Defendant.

Civ. A. No. 78–C–37.

United States District Court,
E. D. Wisconsin.

July 19, 1978.

Ralph Adam Fine, Milwaukee, Wis., for plaintiff.

Gilbert W. Church, Thomas L. Shriner, Jr., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for compensatory and punitive damages arising out of the alleged breach by the defendant H. C. Johnson Agencies, Inc. ("Johnson") of its contract with the plaintiff Gentron Corporation ("Gentron"), pursuant to which Johnson was to act as the exclusive selling agent for Gentron in a certain territory. The matter is presently before the court on plaintiff's motion to strike the second affirmative defense from the defendant's answer, defendant's motion to abate or to stay further proceedings, and plaintiff's motion to compel discovery. For the reasons hereafter stated, the plaintiff's motion to strike will be granted, the defendant's motion to abate or to stay will be denied, and the plaintiff's motion to compel discovery will be granted subject to certain conditions.

On September 23, 1977, Johnson commenced an action against Gentron in the Supreme Court for Erie County, New York, to recover commissions allegedly owing to it under the same contract which is the subject of this action. Gentron answered denying that it owed any commissions, and further denying that Johnson had "duly performed all of the conditions of said contract on its part to be performed." (Par. 4 of Johnson complaint.) Subsequently on December 9, 1977, Gentron commenced this action in Circuit Court for Milwaukee County. The action was removed to Federal Court by Johnson on January 20, 1978, and the motions to strike and to stay or abate were filed soon thereafter.

The second affirmative defense listed in Johnson's answer states:

"2. At the time of the commencement of this trial, there was a prior legal action pending pertaining to the same subject matter as claims made in this case in the Supreme Court of the State of New York, County of Erie, in case of *H. C. Johnson Agencies, Inc. v. Gentron Corporation* in which the matters herein alleged by plaintiff are being or should be litigated."

Johnson argues in its motion that all of the issues raised in this action can be resolved in the New York action; that the New York action was filed sooner than this action; that it would be a waste of judicial resources to allow both actions to proceed; and therefore, that this court in the interests of comity and judicial efficiency should abate this action or stay the action pending the outcome of proceedings in New York.

The Court agrees that judicial efficiency would be promoted by a stay of this action. The Court also agrees that, while the issues raised in this action and in the New York action are not identical, all of those issues could be litigated in the New York action. Unfortunately, however, the Court does not agree that it may exercise its discretion and stay this action under the circumstances presented.

In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court set forth three circumstances under which a Federal District Court may abstain from the exercise of federal jurisdiction. See 424 U.S. at 814–816, 96 S.Ct. 1236. Neither Gentron nor Johnson argues that any of those circumstances is presented in this action. The Court also held that in cases falling within none of the abstention categories, but which involve the contemporaneous exercise of concurrent jurisdictions by state and federal courts, dismissal of the federal action may occasionally be appropriate. The general rule is that the federal courts have:

" * * * the virtually unflagging obligation * * * to exercise the jurisdiction given them. (Citations omitted.) Given this obligation, and the absence of weightier considerations of constitutional

adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist." 424 U.S. at 817–818, 96 S.Ct. at 1246.

The federal court may consider such factors as the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums, and if on balance the obligation to exercise jurisdiction does not outweigh "the combination of factors counselling against that exercise," 424 U.S. at 818, 96 S.Ct. at 1247, then the court may dismiss. However, "[o]nly the clearest of justifications will warrant dismissal." [1]

The United States Court of Appeals for the Seventh Circuit has twice ruled since *Colorado* that the theory of judicial economy did not justify the stay of a concurrent federal proceeding.[2] See *Calvert Fire Insurance Company v. Will*, 560 F.2d 792, (7th Cir. 1977) docketed in U.S. Supreme Court, 46 Law Week No. 25 at 3418 (1/3/78), oral argument heard on 4/19/78, 46 LW No. 4 at 3662 (4/25/78); *Bio-Analytical Services, Inc. v. Edgewater Hospital, Inc.*, 565 F.2d 450 (7th Cir. 1977). In *Calvert*, which involved parallel state and federal securities litigation, the court held that a stay which was proper when granted had become improper in light of the *Colorado* decision. The court found that there were no exceptional circumstances favoring a stay, but on the contrary the federal interest in securities regulation favored the exercise of federal jurisdiction. Similarly in, *Bio-Analytical Services, Inc.*, supra, a breach of contract action which also involved a claimed

right to arbitration under the Federal Arbitration Act, the court relied both on the federal policy favoring arbitration and on the absence of exceptional circumstances which would justify non-exercise of federal jurisdiction to vacate the stay order issued by the district court.

The present action is a more straightforward case because it involves no federal claim at all, and for that reason it is also a less appealing case for the exercise of federal jurisdiction. There is no apparent reason why the New York state court cannot adjudicate in the action pending before it all issues which are raised in this action. Thus denial of a stay will clearly result in a duplication of judicial effort and a waste of judicial resources. The Seventh Circuit has recognized this dilemma, but has not yet determined the appropriate response. See *Bio-Analytical Services, Inc. v. Edgewater Hospital, Inc.*, supra, at 454:

> "*Colorado River* and *Calvert* may not inevitably require a federal district court to exercise jurisdiction founded solely on diversity where the federal action was started later than a state court action embracing the same issues, but not removable. * * *."

In this case, as opposed to *Bio-Analytical Services*, the state action in New York is removable. Also this federal action, while commenced by the defendant in the state action, was removed to federal court by the New York state plaintiff, rather than having been commenced in federal court by the New York state defendant. The court does not find the distinctions significant.

■ The obligation to exercise jurisdiction is less compelling where related actions are pending before two federal courts, or two state courts, and the emphasis in such cases is on avoiding duplication of effort. *Colorado*, supra, 424 U.S., at 817, 96 S.Ct.

---

1. In *Colorado* itself, the Court did ultimately uphold dismissal of the federal action because it found that the McCarran Amendment, 43 U.S.C. Sec. 666, pursuant to which the action was brought, evidenced a Congressional policy to avoid piecemeal adjudication of water rights in a river system.

2. The Seventh Circuit has ruled that a motion to stay a federal proceeding because of a concurrent state exercise of jurisdiction is to be decided on the same basis as a motion to dismiss. *Calvert Fire Insurance Company v. Will*, 560 F.2d 792, 795–96 (7th Cir. 1977).

1236; 1A Moore's *Federal Practice* Part 2, Par. 0.203(4) at 2135 (1977). Whether or not the Circuit Court for Milwaukee County, where this action was initially brought, would have granted a motion to stay or to dismiss, the fact remains that the action is now in federal court. The Court does not know why Johnson chose to remove the action to this court. Since it has done so, however, this court properly has jurisdiction in diversity over the action and consequently, its discretion to refuse to exercise that jurisdiction is severely limited. See *Meredith v. Winter Haven*, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943) (diversity jurisdiction not conferred for the benefit of federal courts, but rather to allow parties an opportunity to present their claims in federal court).

■ The Court recognizes that the New York state action was commenced first, that continued adjudication of this action may result in piecemeal litigation, and that it will certainly result in a duplication of effort. Nevertheless the clear import of the *Colorado* decision, and of the application of that decision to a stay motion by *Calvert Fire Insurance Company*, supra, is that exceptional circumstances must be present to justify the non-exercise of federal jurisdiction, once it is properly invoked. A duplication of effort, while wasteful, is not exceptional. See 1A Moore's *Federal Practice* Part 2, Par. 0.203(4) at 2141 (1977):

> "The precise meaning of the court's statement (in *Colorado* that 'the circumstances permitting dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention') is uncertain. In the absence of a manifest congressional policy that a given case be litigated in the state courts, it may well be that it would be an abuse of discretion for a district court to stay or dismiss a federal action because of the pendency of a similar state proceedings."

See also *Calvert Fire Insurance Company*, supra, ftn. 5 at 796 (dissent from the denial of a motion for rehearing en banc of *Calvert*.)

■ The plaintiff has also moved for an order compelling the defendant to produce and permit plaintiff to inspect and copy documents listed in plaintiff's request for production of documents dated January 27, 1978 at the office of plaintiff's attorney. The documents requested were any and all agreements entered into between the defendant and Semikron Corp. between January 1, 1975 and January 1, 1978, and any and all Semikron Corp. catalogs, price lists or specifications in the possession of the defendant.

By affidavit plaintiff's attorney has indicated that the defendant is willing to produce the documents requested, but only if the plaintiff will agree to a protective order which will provide, inter alia, that:

> "2. (Plaintiff is obligated) (n)ot to exhibit documents to anyone not an employee, attorney for Plaintiff in this case, or expert for the Plaintiff in this case. (The word 'expert' shall mean a person who, prior to the time he or she is shown the documents, is identified to the defendant as an expert, whom the Plaintiff intends to call in this case.)"

Plaintiff objects to the condition as requiring it to reveal to defendant the names of experts or other persons with whom plaintiff may wish to consult, but not to call as witnesses, contrary to Rule 26 of the Federal Rules of Civil Procedure. Defendant has also submitted an affidavit, prepared by defendant's Vice President Ferdinand J. Lynn, stating that many of the documents requested to be produced are confidential and were given to the defendant with the understanding that they would not indiscriminately be made public.

Rule 26(c) of the Federal Rules of Civil Procedure provides that the court may:

> " * * * make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including * * * (2) that the discovery may be had only on specified terms and conditions, * * * ."

Pursuant to such authority, the court will grant the plaintiff's motion for an order compelling discovery, on condition, however, that the plaintiff shall exhibit the documents only to employees of, attorneys for, or experts for plaintiff in this case, and that "expert" shall mean a person who, prior to the time he or she is shown the documents, is identified to the court confidentially and in writing as an expert, whom plaintiff intends to consult with regard to the preparation of this case and whom plaintiff may call as an expert in this case.

Plaintiff has not objected to the first and third conditions which defendant seeks to impose on production, and therefore those conditions will also be required.

For the foregoing reasons,

IT IS ORDERED that the motion of the plaintiff Gentron Corporation to strike the second affirmative defense from the answer of the defendant H. C. Johnson Agencies, Inc., is granted.

IT IS FURTHER ORDERED that the motion of the defendant H. C. Johnson Agencies, Inc., to abate or to stay further proceedings in this action is denied.

IT IS FURTHER ORDERED that the motion of the plaintiff Gentron Corporation for an order compelling the defendant to produce and permit plaintiff to inspect and copy documents listed in plaintiff's request for production of documents dated January 27, 1978, at the office of plaintiff's attorney is granted, on the following conditions:

Plaintiff is obligated:

1. Not to further reproduce the documents in any way.

2. Not to exhibit documents to anyone not an employee, attorney for plaintiff in this case, or expert for plaintiff in this case. (The word "expert" shall mean a person who, prior to the time he or she is shown the documents, is identified to the court confidentially and in writing as an expert, whom plaintiff intends to consult with regard to the preparation of this case and whom plaintiff may call as an expert in this case.)

3. To return all copies of documents to the defendant at the conclusion of this case.

IT IS FURTHER ORDERED that the defendant H. C. Johnson Agencies, Inc., comply with the terms of the foregoing discovery order within twenty days from the filing date of this order.