William S. BROWNING and Du Mar Chemicals, Inc., a Wisconsin Corporation, Plaintiffs,

v.

UNITED STATES MOVIDYN CORPORATION, an Illinois Corporation, Defendant.

No. 79–C–368.

United States District Court, E. D. Wisconsin.

Aug. 21, 1979.

Petrie, Stocking, Meixner & Zeisig by John E. Schapekahm, Milwaukee, Wis., for plaintiffs.

Burke & Schoetz by David J. Schoetz, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the defendant's motion to dismiss. The motion will be denied.

The defendant, United States Movidyn Corporation, is an Illinois corporation having its sole place of business in Chicago. One of the plaintiffs, William S. Browning, was the executive vice-president of Movidyn from 1974 to 1978. The other plaintiff, Du Mar Chemicals, Inc., was allegedly one of Movidyn's distributors from 1976 to 1978.

On or about March 14, 1978, Movidyn commenced an action in Illinois state court against Mr. Browning, Du Mar and another corporation. The complaint alleged that both Mr. Browning and Du Mar had violated contractual agreements they had with Movidyn. In response to the Illinois state court complaint, Mr. Browning moved for dismissal in the state court on the ground that any agreement he might have had with Movidyn prior to September 21, 1978, was voided by an agreement entered into by Mr. Browning and Movidyn on that date. Du Mar also moved to dismiss Movidyn's action against it, alleging that the agreement upon which Movidyn was relying was never executed.

On May 24, 1979, Mr. Browning and Du Mar filed the instant action against Movidyn with jurisdiction based on diversity of citizenship. Mr. Browning individually alleges two causes of action against Movidyn. The first demands payment of notes allegedly now due to Mr. Browning. The second seeks declaratory relief regarding the construction of the September 21, 1978, agreement between Mr. Browning and Movidyn. Du Mar separately alleges a single cause of action, seeking declaratory relief with regard to its contractual status vis-a-vis Movidyn. Both Du Mar and Mr. Browning join in a fourth cause of action alleging that Movidyn abused process in initiating its Illinois action.

Movidyn has moved to dismiss the instant action because of the pendency of the Illinois state court action it filed. Although granting the defendant's present motion might well prevent duplication of effort on the part of the parties to this suit, I believe that Movidyn's motion should be denied.

My consideration of the instant motion is guided by the Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), in which the court articulated the controlling legal standard to justify dismissal of an action in federal court, where jurisdiction had been properly invoked, because of a concurrent proceeding in state court. The Court began its analysis by noting that the general rule is that a concurrent state court action is no bar to proceedings concerning the same subject matter in federal court. Id. at 817, 96 S.Ct. 1236, 1246. The Court recognized, however, that there are circumstances which could justify a federal court from declining to exercise jurisdiction due to a pending state suit despite "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Id.

Factors which the Court indicated might justify a dismissal included: (1) the assumption of jurisdiction over a res by the state court; (2) the desirability of avoiding piecemeal litigation; (3) the inconvenience of the federal forum; and (4) the order of initiation of the two actions. The Court further stated that

"[N]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to

exercise jurisdiction and the combination of factors counselling against that exercise is required. [Citation omitted.] Only the clearest of justifications will warrant dismissal."

In my opinion, the defendant has not demonstrated "the clearest of justifications" to entitle it to dismissal of this action. First, there is some doubt whether the issues raised in the instant action and in the Illinois state court action are completely similar. While many of the questions raised in the two cases are and will be the same, the plaintiffs in this action have made a claim of abuse of process, and Mr. Browning has alleged that payment is due on certain notes. Neither of these claims are presently a part of the Illinois state court action.

While the simultaneous pursuit of this action as well as the Illinois state court action will necessarily involve duplication and piecemeal litigation, such is always the case where there are concurrent federal and state actions. Accordingly, the potential for such duplication cannot in and of itself be considered the exceptional circumstances necessary to override this court's obligation to exercise its jurisdiction. *Gentron Corporation v. H. C. Johnson Agencies, Inc.*, 79 F.R.D. 415 (E.D.Wis.1978).

Therefore, IT IS ORDERED that the defendant's motion to dismiss this action be and hereby is denied.