Ofelia BAKIA and Mihai Bakia, as the parents of Santiago Bakia, per CA.C. C.P. § 376, Plaintiffs-Appellants,

v.

COUNTY OF LOS ANGELES OF the STATE OF CALIFORNIA, et al., Defendants-Appellees.

No. 81–5951.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1982.

Decided Sept. 14, 1982.

Manuel Hidalgo, Los Angeles, Cal., for plaintiffs-appellants.

Martin Stein, Bonne, Jones, Bridges, Mueller & O'Keefe, Los Angeles, Cal., for defendants-appellees.

Before GOODWIN, ANDERSON and FERGUSON, Circuit Judges.

PER CURIAM.

The Bakias appeal from an order dismissing without prejudice their diversity medical malpractice action pursuant to Fed.R. Civ.P. 19. The Bakias' complaint alleged that the negligence of defendants caused their minor child to suffer physical and mental retardation. They sought to recover pre-majority medical expenses and loss of earnings on their own behalf as his parents under Cal.Civ.Proc.Code § 376.

The county moved for a judgment on the pleadings for failure to join the child as an indispensable party. Rule 19(a) provides for the joinder of certain absent parties if "joinder will not deprive the court of jurisdiction." Joinder of the child would defeat diversity jurisdiction.

Rule 19 requires a trial court to engage in a two-step analysis. The first step is to consider whether nonjoinder would prevent the award of complete relief, or the absentee's interests would otherwise be prejudiced or the persons already parties would be subject to a substantial risk of double or inconsistent obligations.

There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a). Underlying policies include plaintiff's right to decide whom he shall sue, avoiding multiple litigation, providing the parties with complete and effective relief in a single action, protecting the absentee, and fairness to the other party. The determination is heavily influenced by the facts and circumstances of each case. It is a misapplication of Rule 19(a) to add parties who are neither necessary nor indispensable, who are not essential for just adjudication and who have a separate cause of action entirely. *See, La Chemise Lacoste v. General Mills, Inc.*, 53 F.R.D. 596, 601 (D.Delaware 1971).

The second step is to decide under Rule 19(b) whether "in equity and good conscience" a court should proceed without the absent party. *Provident Bank v. Patterson*, 390 U.S. 102, 109, 88 S.Ct. 733, 737, 119 L.Ed.2d 936 (1968). Rule 19(b) lists four factors to be considered in making that determination. They include an analysis of (1) the extent to which a judgment rendered without the absentee would prejudice him or existing parties; (2) the extent to which prejudice could be lessened or avoided by other measures; (3) the adequacy of a judgment rendered without the absentee; and (4) the adequacy of plaintiff's remedies if an action is dismissed for nonjoinder. In this case, litigation strategy and the effect of delay in the state courts appear to be major concerns of the parties.

Rule 19 gives a trial court considerable discretion and requires that several conflicting interests be balanced on a case-by-case basis. The rule appears to require more than a conclusory statement that a case has been dismissed on Rule 19 grounds. Two circuit courts have held that when a district court makes a Rule 19(b) decision it should state the facts and reasons upon which it acts. *Manygoats v. Kleppe*, 558 F.2d 556, 559 (10th Cir. 1977); *Bio-Analytical Services v. Edgewater Hospital*, 565 F.2d 450, 452 (7th Cir. 1977), *cert. denied* 439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978). We agree. Rule 19(b) considerations come into play only after analysis of the factors in Rule 19(a). Hence, a trial court's resolution of a Rule 19 issue requires a comprehensive statement of the facts and reasons upon which the decision is based. *See, e.g., Rippey v. Denver United States National Bank*, 260 F.Supp. 704, 707–712 (D.Colo.1966) (example of the kind of analysis Rule 19 requires of a trial court).

The standard of review in Rule 19 cases is abuse of discretion. *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885, 889 (5th Cir. 1968). In this case the trial judge issued a minute order dismissing the parents' case for failure to join their child as an indispensable party. The record contains no statement of the reasons to reject the claims made by one side or to accept those of the other. Both parties on appeal make strong arguments in support of their Rule 19 theories. We do not have the benefit of the trial judge's evaluation of these arguments.

The Bakias, for example, argue that their cause of action under Cal.Civ.Proc. Code § 376 for pre-majority medical expenses and loss of earnings is independent of the child's own cause of action for his injuries and that absence of the child therefore does not require dismissal under Rule 19. They also argue that because collateral estoppel will not bar the minor in subsequent litigation, there is no need to join the minor for the child's own protection. Defendants, on the other hand, argue that the liability issue already is pending in state court and contend that failure to join the child in the federal case could expose them to multiple litigation and to the risk of inconsistent adjudication. They claim that it is unfair to the defendants to be subject to multiple claims founded upon the same

alleged tort merely because the rights of the parents and of the child can be separately adjudicated in different courts.

This case is an excellent example of the need for findings and reasons to support a trial court's decision under Rule 19. The trial court had important issues to resolve under Rule 19(a) before making a determination on the factors listed in 19(b).

This court can best review an alleged abuse of discretion when the record, supported by findings and reasoning, shows that discretion has indeed been exercised. On this record, the decision of the district court cannot adequately be reviewed.

Vacated and remanded for a statement of reasons for whatever ruling the district court may make. In the event of further appeal, the case will be returned to this panel.