## In re SELHEIMER & CO.

### Securities Investor Protection Corporation, Plaintiff,

v.

### Edward P. Murphy, III, Defendant,

### Edward P. Murphy, III, Third–Party Plaintiff,

v.

### Perry Selheimer, Peter Cardamone, Ernest F. Grothe, Preston Heckler, and Edward Suarez, Third–Party Defendants.

**Bankruptcy No. 02–0756.**
**Adversary No. 04–0669.**

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 20, 2005.

---

### OPINION

STEPHEN RASLAVICH, Bankruptcy Judge.

### Introduction

The Plaintiff has filed a motion to dismiss the Defendant's third-party complaint. The Defendant opposes the motion. Hearing on the matter was held on October 19, 2004. For the reasons set forth below, the motion will be granted.

### Factual Background

Plaintiff has filed suit against Edward Murphy III (Murphy) under § 723(a) of the Bankruptcy Code. Under that statute, where the liquidation of a bankrupt partnership will not yield enough to pay creditors in full, the individual partners become liable for the shortfall. *See* 11 U.S.C. § 723(a). Murphy has filed an Answer to the Complaint as well as a Third–Party Complaint against five other individuals alleged to be partners of the Debtor partnership. SIPC has now filed a motion to dismiss the Third–Party Complaint for lack of subject matter jurisdiction.

### Analysis

Federal Rule of Civil Procedure 12(h) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." F.R.C.P. 12(h)(3) (emphasis added).[1] This jurisdictional restriction may not be overridden by any procedural rule such as "impleader." As a leading commentator on federal practice has noted:

> The impleader rule [14] is merely a procedural provision; it cannot affect the independent requirements of jurisdiction and venue ... [T]he impleader claim, as every claim asserted in federal court, must be supported by federal subject matter jurisdiction....

3 *Moore's Federal Practice*, § 14.03[4] (Matthew Bender 3d). And the provisions of Rule 7014, which merely incorporate Rule 14, do not change that. *See* B.R. 7014, Advisory Committee Note (1983) (recognizing that the rule "does not purport to deal with questions of jurisdiction.") In bankruptcy cases, the jurisdictional scope is defined by 28 U.S.C. § 1334. A leading commentator explains:

> Adversary proceedings in bankruptcy present their own peculiar jurisdictional difficulties for the analogous use of Rule 7014. The jurisdictional requirement of 28 U.S.C. § 1334 may prevent a bankruptcy court from hearing an otherwise appropriate third-party claim that is not at least "related to" a case under the Bankruptcy Code. As the 1983 Advisory Committee Note indicates, Rule 7014 "does not purport to deal with questions of jurisdiction." Consequently, a party to an adversary proceeding who seeks to implead a third party under Rule 7014 must be prepared to establish jurisdiction for the court to hear the third-party claim by showing that the claim is at least "related to" a case under the Bankruptcy Code, within the meaning of the jurisdictional statute.

10 *Collier on Bankruptcy*, ¶ 7014.02 (Matthew Bender 15th Ed. Revised). Accord-

---

1. Bankruptcy Rule 7012(b) incorporates this rule in adversary proceedings.

ingly, this Court must possess subject matter jurisdiction over the third-party claims if they are to be heard here. *Id.* As Judge Fox of this district has explained, bankruptcy adversary proceedings can be grouped into three categories for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1334:

> First, there are "core" proceedings, which may be heard and resolved by the bankruptcy court *via* final judgment. *See* 28 U.S.C. § 157(b)(1). Core proceedings represent those disputes so intertwined with the bankruptcy process that Congress has the power under Article I of the Constitution to direct a non-tenured judicial officer (i.e., bankruptcy judge) to render a final determination of their merits. *See* 1 *Norton Bankruptcy Law and Practice 2d,* § 4.26 at 4–154 (1999) ("The word 'core' was a shorthand word employed to signify issues and actions that traditionally formed part of the functions performed under federal bankruptcy law"). Core proceedings thus represent a subset of "related proceedings" in that they "arise under" or "arise in" the bankruptcy case.

> A proceeding is classified as "core" under 28 U.S.C. § 157 "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." [citations omitted]

> The second category of proceedings are referred to as "non-core" or "related" proceedings. A bankruptcy court may hear such proceedings but may submit only proposed findings of fact and conclusions to the district court, *see* U.S.C. § 157(c)(1), unless all parties agree that a final judgment may be entered in bankruptcy court. U.S.C. § 157(c)(2); *see, e.g., Halper v. Halper,* 164 F.3d 830, 836 (3d Cir.1999). The Court of Appeals has defined a non-core proceeding in the following terms:

> Non-core proceedings include the broader universe of all proceedings that are not core proceedings but are nevertheless "related to" a bankruptcy case. *See* 28 U.S.C. § 157(c)(1). "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." [citations omitted] "[T]he proceeding need not necessarily be against the debtor or against the debtor's property." [citation omitted]. " 'A key word in [this test] is conceivable. Certainty, or even likelihood, is not a requirement. Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate.' " [citation omitted].

> Finally, the third category of proceedings are those which fall outside the definition of "non-core" because their outcome would have no effect upon the bankruptcy case. The outcome of a dispute will not have any effect on the bankruptcy case typically because it will not affect the property to be administered in the bankruptcy case, the total assets to be distributed, nor the total claims to be paid. Over these proceedings a bankruptcy court has no subject matter jurisdiction. *See, Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir.1984).

*Kivitz v. Merchants Express Money Order Company (In re R & A Associates, Inc.),* Memorandum Opinion and Order, 00–0241, pp. 7–8 (Bankr.E.D.Pa.2000) (Fox, Chief J.), December 21, 2000.

█ It is SIPC's contention that the impleader claims brought by Murphy against the other partners will not "affect the administration of the Debtor's estate."

Motion ¶ 5. Murphy's position is that the third-party claims do indeed affect the estate and points to the Debtor's Statement of Financial Affairs which list the third party defendants as other partners. *See* Answer, ¶ 5. He explains that the other partners are liable to him under principles of indemnity and contribution. Third–Party Complaint, ¶ 3. So while he is not arguing that his third party claims are "core," [2] he necessarily argues that they are related to this bankruptcy.

■ A dispute is "related" to a bankruptcy case when its outcome will affect in some manner the property to be administered by the bankruptcy trustee or the amount or priority of claims to be repaid. *See Pacor, Inc. v. Higgins,* 743 F.2d 984, 994–996 (3d Cir.1984) *overruled on other grds Things Remembered, Inc., v. Petrarca,* 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Thus, the lawsuit brought by the SIPC against Murphy is clearly "related" to the underlying liquidation. The outcome of that adversary will affect the assets which may be available for distribution to creditors.

But as Judge Fox's decision in *Kivitz* notes, third-party indemnity and contribution claims by defendants being sued by the chapter 7 trustee typically will be unrelated to the underlying chapter 7 bankruptcy case because the outcome of the indemnity action will have no effect upon the chapter 7 case:

> Third-party complaints which involve the debtor or bankruptcy trustee, either as a third-party plaintiff or third-party defendant, will often have an effect upon the administration of a bankruptcy case because the outcome could affect the size of the estate (if the trustee succeeds as a third-party plaintiff) or could affect the amount of claims asserted against the estate (if the trustee does not prevail as a third-party defendant). Such a potential increase in estate property or potential increase in liabilities of the estate is sufficient to confer subject matter jurisdiction over a bankruptcy proceeding. [citations omitted]

> Conversely, third-party claims which do not involve the debtor or the bankruptcy trustee as parties will usually not have any impact upon the administration of the underlying bankruptcy case, unless the subject of the dispute is estate property. [citations omitted] Whether or not the third-party plaintiff obtains contribution or indemnity from the third-party defendants (and thereby is made whole) has no effect on the bankruptcy estate.

> \* \* \* \* \* \*

> This analysis is consistent with that reached by many other courts: that indemnity or contribution claims made by those who are sued by representatives of the bankruptcy estate against third parties generally fall outside the scope of bankruptcy court jurisdiction. *[citations omitted]*

*Kivitz, supra* at pp. 9–11 *citing In re Foundation for New Era Philanthropy,* 201 B.R. 382, 390–91 (Bankr.E.D.Pa.1996). In this case, it does not matter to the bankruptcy estate or to SIPC whether or not defendants, such as Murphy, are successful in obtaining indemnification or contribution. If SIPC is successful in its litigation, it will recover from Murphy. If SIPC is unsuccessful in suing Murphy, it will not recover anything. None of the claims which Murphy seeks to assert in its

---

**2.** Because they involve claims which can be asserted in state court, they clearly would not be core. "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding...." *In re Guild and Gallery Plus, Inc.,* 72 F.3d 1171, 1178 (3d Cir.1996).

third-party complaint would benefit SIPC. All are conditioned upon Murphy's liability to SIPC, and any recovery in the third-party action would be payable to Murphy only.

Murphy maintains that the interests of economy would be better served by having all of the claims heard by the same tribunal. T–21. Indeed, there may be facts alleged in the complaint which are also material to the impleader claim. Even so, the Third Circuit has made clear that "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section [1334]. Judicial economy itself does not justify federal jurisdiction." *Pacor, Inc. v. Higgins,* 743 F.2d at 994; *accord, e.g., In re Guild and Gallery Plus, Inc.,* 72 F.3d at 1181.

*Does the Court have Supplemental Jurisdiction Over the Third–Party Claims?*

■ At the hearing, SIPC addressed the question of whether the Court might exercise supplemental jurisdiction over the third-party claim. Section 1367 of the United States Code provides:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367. However, bankruptcy courts do not possess section 1367 jurisdic-

tion. *In re Porter,* 295 B.R. 529, 539 n. 6 (Bankr.E.D.Pa.2003); *In re Foundation for New Era Philanthropy,* 201 B.R. at 398–99 (and cases cited); *Matter of Walker,* 51 F.3d 562, 572 (5th Cir.1995). Thus, there is no independent basis of jurisdiction for this Court to hear the third-party claims.

*But Even Assuming Jurisdiction Existed, Are Murphy's Claims Properly Brought Under Rule 14?*

■ Even had an independent basis of jurisdiction existed for Murphy's contribution claim, are they properly brought by impleader? Federal Rule of Civil Procedure 14 provides:

**When Defendant May Bring in Third Party.** At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.*

F.R.C.P. 14(a) (emphasis added). A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied. *FDIC v. Bathgate,* 27 F.3d 850, 873 (3d Cir.1994) citing Wright, Miller & Kane, *Federal Practice and Procedure,* § 1446 (1990). For the third-party claims to be properly brought under this rule, they must be derivative of SIPC's claims against Murphy. Are they?

■ Again, the third-party claims are against the other five partners of Selheimer & Co. Under Pennsylvania law, gener-

al[3] partners are jointly and severally liable for tortious acts of another partner committed within the scope of the partnership's business. 15 P.S. § 8327(1). Each of the other five partners are independently liable to SIPC for any deficiency resulting from the liquidation. SIPC could just as easily have sued any of the other five. Their liability then is not derivative but is direct. So irrespective of jurisdiction, the claims against the other five partners could not have been brought by impleader.

*But Does a Different Rule of Procedure Require that the Other Partners Be Made Co–Defendants?*

■ Given that the other five partners are just as liable to SIPC as Murphy, may SIPC limit its claim to him? Rule 19 of the Federal Rules of Civil Procedure[4] provides:

> **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action *shall be joined as a party in the action* if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

F.R.C.P. 19(a). Although Murphy has not sought joinder of the other partners per se, a leading commentator states that it is within the Court's discretion to consider the question on its own initiative:

> The district court may raise compulsory party joinder on its own motion. The court will rarely be in a position to do so, however, because it usually lacks familiarity with the background facts of the dispute and of the parties' relationships. Moreover, the provision intended to inform the court about necessary parties who are not joined, and the reasons they are not joined—the pleadings of Rule 19(c) provision which ostensibly requires claimants to apprise the court of necessary parties—simply has not served that function in practice. In cases in which the court does become aware of an absentee who may be needed for just adjudication, however, the court may have a duty to avoid prejudice by applying the compulsory party joinder rule. Such action is especially appropriate in cases in which nonjoinder would impair or impede the absentee's

---

**3.** The Court deems the other five to be *general* partners based on its finding in its previous Opinion in Adv. Proc. Nos. 00–670 through 00–675 (April 4, 2002). In that Opinion, this Court found that Selheimer & Co. never filed a Certificate of Limited Partnership as required by applicable Pennsylvania law (15 P.S. § 8511(a)). *See* Opinion, pp. 18–19. The failure to follow that formality results in Selheimer & Co. Being treated *de jure* as a general partnership. *See Ruth v. Crane*, 392 F.Supp. 724, 733 (E.D.Pa.1975), *aff'd* 564 F.2d 90 (3d Cir.1977) (where no proper certif-

icate of limited partnership has been filed, the limited partnership is not formed, and the parties are treated as general partners as to third persons and creditors); *accord Kornstein v. Taylor*, 68 D. & C.2d 7, 12 (1974) ("[A]s a matter of law ... the failure of plaintiffs to sign the certificate of limited partnership ... renders them general partners as to third persons, including creditors.")

**4.** This rule is similarly incorporated by its Bankruptcy Rule counterpart: B.R. 7019.

interest, since the absentee has no representative urging its cause.

4 *Moore's Federal Practice* § 19.02[4][a]. The Supreme Court has described this as a duty to act on the appellate court's part. *See Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968) (encouraging Courts of Appeals to raise issue of nonjoinder on own motion to protect "the absent party, who of course had no opportunity to plead and prove his interest below."). And the Third Circuit has held that the problem of joinder can be considered sua sponte on appeal. *See Finberg v. Sullivan,* 634 F.2d 50, 55 (3d Cir.1980) (en banc). *See also Link v. Celebrezze,* 236 F.Supp. 599, 600 (E.D.Pa.1964) ("Where a necessary party is absent, it is discretionary with the court whether or not it shall proceed.")

This securities proceeding has been before this Court for over 4 years. During that time, the Court has held a trial lasting over several days and has heard a number of other matters pertaining to the liquidation of this company. This history has given the Court an adequate factual background to consider whether joinder of the other partners should occur.

*Preliminary Considerations*

The rule's threshold requirement is that the Court can exercise personal jurisdiction over the absent party and that it can do so without comprising its jurisdictional competence. Here, all of the other partners reside in the general area[5] so are subject to service of process. And including them does not affect the basis of jurisdiction: federal question. The Court must then analyze whether *complete relief* can be accorded without the other partners (subdivision (1)), whether the other part-

ners would be *prejudiced if they remained non-parties* (subdivision (2)(i)), and whether without their joinder, Murphy might be subject to *double, multiple or inconsistent liabilities* (subdivision (2)(ii)).

*Can the Court Grant Complete Relief in the Absence of the Unjoined Partners?*

■■■■■ The Court's first inquiry is limited to whether complete relief can be granted to the persons already parties to the action. The effect a decision may have on the absent party is not material. *Field v. Volkswagenwerk AG,* 626 F.2d 293, 301 (3d Cir.1980). Here, the relief sought by SIPC is judgment in the amount of any partnership deficiency against Murphy. Can the Court grant complete relief in a partnership deficiency action to the partnership and Murphy when five other partners have not been joined as defendants? The answer to this specific question depends on both bankruptcy and partnership law. Bankruptcy Code § 723 provides, in pertinent part:

> (a) If there is a deficiency of property of the estate to pay in full all claims which are allowed in a case under this chapter concerning a partnership and with respect to which a general partner of the partnership is personally liable, the trustee shall have a claim against such general partner to the extent that under applicable nonbankruptcy law such general partner is personally liable for such deficiency.

11 U.S.C. § 723(a). This section holds general partners responsible for all unpaid debtor partnership claims for which they were personally liable prepetition. *In re Massetti,* 95 B.R. 360, 365 (Bankr.E.D.Pa. 1989). In other words, to the extent that partnership claims exceed partnership as-

---

**5.** According the Third–Party Complaint, they reside in Montgomery County. *See* Third-
Party Complaint, ¶ 3.

sets, "each general partner ... is liable to the partnership's trustee for any deficiency...." H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 381 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6337. The trustee may seek to recover the full amount of any shortfall or deficiency from each general partner in the partnership and the trustee need not allocate liability among the partners or enforce its rights against all general partners. 6 *Collier on Bankruptcy*, ¶ 723.02[1][a].

■ Each general partner is liable, however, only to the extent that such general partner was personally liable for the underlying claims against the partnership. *Id.* The extent to which a general partner is liable for claims against the partnership is determined by state law. Under the Pennsylvania Uniform Partnership Act, all partners are liable:

(1) Jointly and severally for everything chargeable to the partnership under sections 8325 (relating to wrongful act of partner) and 8326 (relating to breach of trust by partner).

(2) Jointly for all other debts and obligations of the partnership but any partner may enter into a separate obligation to perform a partnership contract.

15 P.S. § 8327. Murphy would be individually (severally) liable for any deficiency caused by the conduct of Mr. Selheimer, his partner.[6] Thus, complete relief could be afforded to the parties without the other partners.

*Would the Other Partners Be Prejudiced by Non–Joinder?*

Subsection (a)(2)(i) of Rule 19 requires the Court to decide whether the determination of the rights of the parties before it would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation. F.R.C.P. 19(a)(2)(i). What interest might the other partners have in SIPC's deficiency claim against Murphy? The Court posited at the hearing that should SIPC fail to collect the full deficiency from Murphy, it had extant claims against the other partners. T–9. Logically, SIPC would then turn to them for recovery. And if that happened, the other partners might ask why Murphy—a man whom SIPC has described as quite well off financially—was not good for the whole amount? Does that constitute an interest that can be protected only by joining them as necessary parties?

■ In an analogous context, the Third Circuit has held that as between co-obligors, one co-obligor may be sued without joinder of its co-obligors. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 410 (3d Cir.1993). That holding implicitly supported the proposition that issue preclusion[7] for or against an absent co-obligor is not a consequence of any final decision for or against the co-obligor who is present as a party in a contract action. *Id.* And the same conclusions should be drawn vis-a-vis partners.

---

**6.** A more detailed examination of the nature and extent of Mr. Murphy's liability as a partner in the firm will be undertaken in connection with the Court's disposition of SIPC's pending Motion for Partial Summary Judgment against Mr. Murphy.

**7.** In Pennsylvania, a party may be precluded from relitigating an issue if:

(1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Sanders v. Sanders*, 384 Pa.Super. 311, 319, 558 A.2d 556, 560 (1989) (citation omitted), appeal denied, 525 Pa. 635, 578 A.2d 930 (1990).

Like the co-obligors in *Janney*, the other partners of Selheimer & Co. are jointly *and severally* liability to SIPC. This allows SIPC to proceed solely against the partner of its choosing, but it does not preclude a partner who has paid from seeking contribution from another. Thus, the other partners' interest here is the right of contribution and indemnity from Murphy; it is not the right to fix Murphy's deficiency liability at a certain amount. For that reason, their joinder is not required under that subdivision.

*Would Failure to Join the Other Partners Subject Murphy to Fundamental Unfairness?*

 The last potential ground for compulsory joinder is that Murphy might be otherwise subject to double, multiple or inconsistent obligations. But the possibility that Murphy may be the only partner required to pay toward the deficiency is not the equivalent of the unfairness that subdivision (a)(2)(ii) guards against. It is instead a common result of joint and several liability and should not be equated with prejudice. As the Third Circuit stated in *Janney*:

> Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the defendant who has paid the whole debtor protect itself by an action for contribution against the other co-liable parties.

11 F.3d at 412.

 Payment by Murphy to SIPC in this action does not have any legal effect on what ever right of contribution or indemnification Murphy may have against the other partners. Though federal civil practice, in common with other modern Anglo–American procedural systems, permits a party defendant who claims a right of contribution or indemnity from third persons to protect itself from potentially inconsistent verdicts by impleading the absent party under Rule 14, it is not required to do so; and if it does not, its right to bring a separate actions for contribution or indemnity is unaffected. *Janney*, 11 F.3d at 412. For that reason, the Third Circuit has concluded that "[a] defendant's right to contribution or indemnity from an absent non-diverse party does not render that absentee indispensable pursuant to Rule 19." *Bank of America National Trust & Savings Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1054 (3d Cir.1988). The continuation of this case in the absence of the other five partners does not subject Murphy to the type of unfairness addressed by the rule.

*Is Permissive Joinder A Possibility?*

While Rule 20 allows for the joinder of certain parties,[8] its utility is limited to plaintiffs and defendants raising counter and crossclaims. 4 *Moore's* § 20.02[2][b][i]; *see also Bathgate, supra*, 27 F.3d at 872 (allowing permissive joinder of additional defendants by counter-claim plaintiff). Rule 20 is permissive; it simply does not require the plaintiff to structure the case efficiently. *Id.* § 20.02[6][b]. It therefore is not ordered on the court's own initiative.

*Summary*

Because this Court lacks jurisdiction over the claims raised in the third-party

---

8. This rule—which is incorporated into the bankruptcy rules—provides that "[a] persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." F.R.C.P. 20(a).

complaint, it will be dismissed. Equally, the Court may not compel the joinder of the third-party defendants under Rule 19.

An appropriate order follows.

### ORDER

AND NOW, upon consideration of SIPC's Motion for Dismissal of the Third–Party Complaint filed by Edward G. Murphy, III, for Lack of Subject Matter Jurisdiction, the Answer of Murphy to the motion, after a hearing held, and for the reasons set forth in the attached Opinion, it is

ORDERED that the Motion is Granted and that the Third–Party Complaint is dismissed.