**ENVIROTECH CORPORATION and Chemico Air Pollution Control Corporation, Plaintiffs,**

v.

**BETHLEHEM STEEL CORPORATION, Defendant,**

and

**Envirotech Corporation, Defendant. on Counterclaim.**

No. 80 Civ. 6676 (RWS).

United States District Court, S.D. New York.

March 24, 1983.

Jacob, Medinger & Finnegan, New York City, for plaintiffs; Edwin J. Jacob, Janet S. McClendon, Elizabeth T. Marren, New York City, of counsel.

Carter, Ledyard & Milburn, New York City, for plaintiffs; James W. Rayhill, New York City, of counsel.

Hynes, Diamond & Reidy, P.C., New York City, for defendant; James H. Reidy, Howard A. Feldman, Richard J. Flanagan, New York City, of counsel.

## OPINION

SWEET, District Judge.

Defendant Bethlehem Steel Corporation ("Bethlehem") has moved pursuant to S.D. N.Y. Local Rule 3(j) for reargument of this court's opinion dated December 16, 1982. In that opinion, this court ordered that the complaint of plaintiffs Envirotech Corporation ("Envirotech") and Chemico Air Pollution Control Corporation ("CAPC Corporation") be dismissed for lack of subject matter jurisdiction due to the absence of complete diversity. This court also declined to retain Bethlehem's counterclaim against CAPC Corporation, a claim for which there is diversity, because Envirotech is an indispensable party to that claim within the meaning of Fed.R.Civ.P. 19(b). Leave was granted to reargue the issue of indispensability, since the issue was addressed but not fully explored in the parties' initial submissions. This motion followed. For the reasons stated below, the motion will be denied, and the complaint and the counterclaim will be dismissed.

Familiarity with the facts recited in this court's December 16, 1982 opinion is assumed. In brief, CAPC Corporation, a New York corporation, commenced this action in November, 1980 against Bethlehem, a Delaware corporation. The action arises from a series of agreements executed between 1977 and 1979 for the purchase by Bethlehem of hooded quench cars used in the production of coke. Jurisdiction was grounded on diversity. Bethlehem answered the complaint and counterclaimed in January, 1981, joining Envirotech, a Delaware corporation, as a defendant on the counterclaim. Envirotech was subsequently joined as a party-plaintiff.

At the time this action was commenced, it appeared that diversity jurisdiction was present. It subsequently came to light, however, that at the commencement of this action the claims asserted by CAPC Corporation were the property of a partnership between it and Envirotech. Therefore, because the real party in interest was the partnership, complete diversity was lacking, and dismissal of the complaint was required. In addition, dismissal of the counterclaim would be required unless Envirotech could be severed, thereby creating

complete diversity between the counterclaim-plaintiff, Bethlehem, and the counterclaim-defendant, CAPC Corporation. Analysis under Rule 19(b), however, led to the conclusion that Envirotech is an indispensable party to Bethlehem's counterclaims. One of the factors that led to this conclusion was the observation that some of the agreements in issue in this lawsuit were executed in 1979 on behalf of "Chemico Air Pollution Control Company, Envirotech Corporation." From this, the conclusion was drawn that CAPC Corporation may not have been a party to these particular agreements.

Bethlehem now argues that this court's finding of indispensability was based in part on an erroneous view of the facts. In particular, Bethlehem urges that CAPC Corporation was a party to the 1979 agreements either as a dual seller with Envirotech or as an agent for its undisclosed principal, Envirotech. Bethlehem argues, therefore, that CAPC Corporation is an obligor with respect to all the agreements in issue. Envirotech disputes this contention. Further, Bethlehem argues that CAPC Corporation, as a sole or joint obligor with Envirotech on each agreement, may be sued here without the necessity of joining Envirotech as an indispensable party.

Bethlehem's argument that joint obligors may be sued individually without the necessary presence of other joint obligors is true as a general proposition. *See generally* 3A *Moore's Federal Practice* ¶ 19.11 (2d ed. 1982). However, even if Bethlehem's contention that CAPC Corporation was a party to the 1979 agreements is accepted without being decided, this general rule does not apply here because Envirotech is not only an obligor, it is also an obligee. Indeed, Bethlehem asserts that Envirotech is the sole obligee with respect to the agreements. Thus, adjudication of the issues involving the agreements would inevitably affect Envirotech's rights.

The situation here, then, is different from those cases holding merely that a joint obligor is not an indispensable party. For example, in *Bio-Analytical Services, Inc. v.*

*Edgewater Hospital, Inc.,* 565 F.2d 450 (7th Cir.1977), *cert. denied,* 439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978), the court held that a joint obligor on a contract was not an indispensable party-plaintiff to a claim arising out of the contract. The non-indispensable party was a guarantor of performance, however, and therefore only an obligor. Indeed, the court specifically noted that he was not an obligee. *Id.* at 453. *See also Acton Co. v. Bachman Foods, Inc.,* 668 F.2d 76, 82 n. 3 (1st Cir.1982) (distinguishing *Bio-Analytical* as situation involving "mere guarantor" who was neither a party to the contract at issue nor had any rights arising from the contract). Similarly, in *Wolgin v. Atlas United Financial Corp.,* 397 F.Supp. 1003 (E.D.Pa.1975), *aff'd,* 530 F.2d 966 (3d Cir.1976), the non-indispensable party was a surety whose rights would not be affected by nonparticipation in the lawsuit. *Id.* at 1003.

Here, on the other hand, Envirotech possesses rights arising from the agreements in issue which are "inextricably intertwined" with issues bound to be raised in an action solely against CAPC Corporation. *See Boise Cascade Corp. v. Wheeler,* 419 F.Supp. 98, 103 (S.D.N.Y.1976), *aff'd,* 556 F.2d 554 (2d Cir.1977). Therefore, even if Bethlehem's view of the facts were accepted, the danger of prejudice to Envirotech by a judgment rendered in its absence would remain. In addition, continuation of proceedings in this court without Envirotech could subject the parties to inconsistent liabilities arising from litigation in other forums.

This court's earlier opinion concluded that the state courts are adequate alternative forums for the adjudication of this dispute. Bethlehem has not raised any new matters that alter this conclusion.

Bethlehem also questions this court's discussion in the December 16 opinion regarding the adequacy of a judgment obtained solely against CAPC Corporation. That discussion was premised on the view that CAPC Corporation may not have been a party to some of the agreements at issue, a premise that Bethlehem disputes, as noted

above. Bethlehem argues that a judgment against CAPC Corporation would afford complete relief. Again, even if Bethlehem's position with respect to CAPC Corporation's status, which is not decided here, is assumed to be correct, the foregoing considerations involving the possible prejudice to Envirotech are sufficient to require dismissal of Bethlehem's counterclaim in this court.

The determination of whether to proceed with an action when an indispensable party cannot be joined is to be made "in equity and good conscience." Fed.R.Civ.P. 19(b); *see Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 123–24, 88 S.Ct. 733, 745–46, 19 L.Ed.2d 936 (1968). The arguments raised by Bethlehem on this motion do not persuade this court that its initial determination was incorrect. Therefore, the motion will be denied.

The clerk is directed to enter judgment dismissing the complaint and the counterclaims. No costs will be awarded.

IT IS SO ORDERED.