**DOU YEE ENTERPRISES (S) PTE, LTD., Plaintiff,**

v.

**ADVANTEK, INC., Defendant.**

Civ. No. 4–93–32.

United States District Court,
D. Minnesota,
Fourth Division.

June 18, 1993.

Laura Joan Hein, Gray Plant Mooty Mooty & Bennett, Minneapolis, MN, for plaintiff.

Richard M. Dahl, Jay Lovell Bennett, Dunkley Bennett & Christensen, Minneapolis, MN, for defendant.

**ORDER**

DOTY, District Judge.

This matter is before the court on defendant Advantek, Inc.'s ("Advantek–U.S.") motion to dismiss pursuant to Rules 19 and 12(b)(1) of the Federal Rules of Civil Procedure for failure to join an indispensable party and lack of subject matter jurisdiction, or in the alternative, to dismiss for improper venue under the doctrine of forum non conveniens. Based on a review of the file, record and proceedings herein, the court grants Advantek–U.S.'s motion to dismiss.

**BACKGROUND**

Advantek–U.S. is a Minnesota corporation that manufacturers products used in the semi-conductor industry. Plaintiff Dou Yee Enterprises (S) PTE, Ltd. ("Dou Yee"), a

Singapore Corporation, served as an Advantek–U.S. sales representative.

In 1988 and 1989, Advantek–U.S. customers located in Singapore suggested that Advantek–U.S. open a manufacturing operation in Singapore. Advantek–U.S. discussed creating a joint-venture manufacturing operation with Dou Yee. Advantek–U.S., however, determined that it would derive no economic benefit from undertaking such a venture. Instead, Advantek–U.S. determined that it could satisfy its customers needs with only a sales and technical service representative located in Singapore.

Advantek–U.S.'s decision to provide sales and technical services in Singapore spawned discussions between the parties concerning the role Dou Yee would play in Advantek–U.S.'s operations. Those discussions resulted in a Sales Representative Agreement ("the Agreement"), entered into in October 1990. The Agreement established Dou Yee as Advantek–U.S.'s exclusive sales representative in a territory comprised of Singapore, Malaysia, Hong Kong, Thailand, the Philippines and Indonesia ("the territory" or "territorial"). The Agreement provided that Dou Yee would earn commissions on its sale of Advantek–U.S.'s products in the territory. In addition, the Agreement provided that it would be in effect from November 1, 1990, to November 1, 2000.

At the same time the parties created the Agreement, Advantek–U.S. created a subsidiary, Advantek Products (S) PTE Ltd. ("Advantek–Singapore").[1] By November 1991, Advantek–U.S. had shifted its territorial operations to Advantek–Singapore and Dou Yee worked for Advantek–Singapore. Advantek–Singapore provided Dou Yee with products to sell [2] and paid Dou Yee's commissions.

On April 30, 1992, Advantek–U.S. terminated the Agreement. Advantek–U.S. asserts that it terminated the Agreement because Dou Yee breached the Agreement by purchasing a company that competes with both Advantek–U.S. and Advantek–Singapore. In response, Dou Yee filed this action against Advantek–U.S. on January 12, 1993, asserting claims for breach of contract, fraud, unjust enrichment and breach of the implied covenant of good faith.[3] Dou Yee contends that Advantek–U.S. formed Advantek–Singapore with the expectation that Advantek–Singapore would replace Dou Yee as its regional representative, that Advantek–U.S. planned to terminate the Agreement as soon as Advantek–Singapore became fully operational and that Advantek–U.S. never intended to honor the Agreement.

Advantek–U.S. now moves to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)") for lack of subject matter jurisdiction. Advantek–U.S. contends that under Rule 19 of the Federal Rules of Civil Procedure ("Rule 19"), Advantek–Singapore is an indispensable party. Advantek–U.S. thus contends that because Advantek–Singapore must be joined in this action, there is no complete diversity of jurisdiction under 28 U.S.C. § 1332 and, therefore, the court lacks subject matter jurisdiction. In the alternative, Advantek–U.S. moves to dismiss this action for improper venue under the doctrine of forum non conveniens. Advantek–U.S. contends that venue of this action would be most appropriate in Singapore.

Dou Yee contends that Advantek–U.S. fails to satisfy its burden of establishing that Ad-

---

**1.** The record does not clearly set forth when Advantek–U.S. actually created Advantek–Singapore. Advantek–U.S. contends that it and Soo Yee Wah ("Wah"), the owner of Dou Yee, incorporated Advantek–Singapore in 1988, that Wah owned a share of Advantek–Singapore stock and that it did not make Advantek–Singapore operational until the parties signed the Agreement. However, the dates Advantek–U.S. incorporated Advantek–Singapore and made it operational have no impact on the motion currently before the court.

**2.** Advantek–Singapore receives the products it sells from Advantek–U.S. Advantek–Sinapore pays Advantek–U.S. for the products it receives. Dou Yee is not involved in that particular business relationship.

**3.** Within one week of Dou Yee's filing of its complaint, Advantek–U.S. and Advantek–Singapore commenced an action against Dou Yee in Singapore. Dou Yee has applied for a stay of the Singapore proceedings, on the grounds that Minnesota is the most appropriate forum for resolution of the parties' dispute.

vantek–Singapore is an indispensable party under Rule 19 or that Singapore is a more convenient forum for resolution of this dispute. Dou Yee thus contends that the court should deny Advantek–U.S.'s motion.

## DISCUSSION

Generally, on a Rule 12 motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Fusco v. Xerox Corp.,* 676 F.2d 332, 334 (8th Cir.1982), and the allegations in its complaint must be accepted as true. *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam); *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972) (per curiam); *Sixel v. Transp. Communications,* 708 F.Supp. 240, 242 (D.Minn.1989). In addition, the court must resolve any ambiguities concerning the sufficiency of the plaintiff's claims in favor of the plaintiff, *see e.g., Hughes,* 449 U.S. at 10, 101 S.Ct. at 176; *Cruz,* 405 U.S. at 322, 92 S.Ct. at 1081, and give it "the benefit of every reasonable inference" drawn from the "well-pleaded" facts and allegations in its complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn,* 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 1465 n. 6, 10 L.Ed.2d 678 (1963). Thus, the court may not dismiss the plaintiff's claims "merely because the court doubts that the plaintiff will be able to prove all of the necessary factual allegations." *Fusco,* 676 F.2d at 334. Rather, the "court may dismiss the plaintiff's complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984), (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)).

■ Because Advantek–U.S. raises issues which question the court's ability to exercise subject matter jurisdiction over this action, the court may look beyond the pleadings and examine affidavits and other documents in resolving the issues before it concerning subject matter jurisdiction. *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir.1990) (citation omitted); *cf. United States v. Scherping,* 1992 WL 188817 at *2 (D.Minn. May 26, 1992) (party moving to dismiss under Rule 19 may need to present affidavits or other extra-pleading evidence of the absent party's interest) (citing 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure,* § 1359 at 426–27 (2d ed. 1990)) (order not reported in the Federal Supplement). The court may weigh the evidence submitted in support of the Rule 12(b)(1) motion and use that evidence to evaluate the merits of the motion. The Eighth Circuit stated in *Osborn* that:

> [T]he ... court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Id.* (footnote omitted from the original) (quoting *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977)). Once the evidence is submitted, the court may "not simply rule that there is or is not enough evidence to have a trial on the issue." *Id.* (citation omitted). The court must decide whether it has jurisdiction. *Id.* "The only exception is in instances when the jurisdictional issue is 'so bound up with the merits that a full trial on the merits may be necessary to resolve the issue.'" *Id.* (quoting *Crawford v. United States,* 796 F.2d 924, 929 (7th Cir.1986)). The court determines that the exception does not apply in this case. Accordingly, with the standards set forth at hand, the court will consider Advantek–U.S.'s motion to dismiss.

### I. *Is Advantek–Singapore Indispensable to this Action?*

■ The court applies a three-part test to determine whether Advantek–Singapore is

an indispensable party under Rule 19. The court inquires whether joinder of Advantek–Singapore would satisfy the definition of party who should "be joined if [f]easible" under Rule 19(a). Rule 19(a) provides that a party should be joined, when feasible,

> if (1) in the ... [party's] absence complete relief cannot be accorded among those already parties, or (2) the ... [party] claims an interest relating to the subject of the action and is so situated that the disposition of the action in the ... [party's] absence may (i) as a practical matter impair or impede the ... [party's] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

In analyzing whether Rule 19(a) is satisfied, the court "essentially ... decide[s] whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." *Pujol v. Shearson/American Express, Inc.*, 877 F.2d 132, 134 (1st Cir.1989).

If 19(a) is satisfied, the court must determine whether joinder of Advantek–Singapore is feasible. *See* Rule 19(b). Joinder is feasible if Advantek–Singapore is subject to service of process and its joinder will not deprive the court of subject matter jurisdiction. If joinder is not feasible, the court must determine, whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Rule 19(b). Rule 19(b) provides four factors that the court should consider in its analysis:

> The factors to be considered by the court include: first to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate

remedy if the action is dismissed for nonjoinder.

Rule 19(b). In determining whether Advantek–Singapore is an indispensable party, "the court ... ask[s] whether it is so important, in terms of efficiency or fairness, to join ... [Advantek–Singapore], that in ... [its] absence, the suit should not go forward." *Pujol*, 877 F.2d at 134 (citations omitted); *see also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 109–111, 88 S.Ct. 733, 737–38, 19 L.Ed.2d 936 (1968) (the decision to dismiss under Rule 19(b) "must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling in themselves, and some subject to balancing against opposing interests").

Applying Rule 19(a), the court determines that Advantek–Singapore is a party that should be joined in this action. Although the Agreement is only between Advantek–U.S. and Dou Yee, Advantek–Singapore, with Dou Yee's acquiescence, performed Advantek–U.S.'s part of the bargain and, eventually, Dou Yee interacted only with Advantek–Singapore. Thus, Advantek–Singapore was a primary participant in the alleged fraudulent acts underlying Dou Yee's claims. *See e.g., Gay v. AVCO Fin. Serv., Inc.* 769 F.Supp. 51, 56 (D.P.R.1991) ("[T]he subsidiary is not a necessary party where the facts to be proven 'against' the subsidiary are not the ultimate facts needed to make the plaintiff's case, but are merely ancillary proof of the case which lies against the parent.... [But] [w]here the subsidiary is an active participant in the activity alleged as the basis for recovery, the subsidiary should be a party to the action.") (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553 (5th Cir. 1985)); *Lopez v. Shearson Am. Express, Inc.*, 684 F.Supp. 1144, 1147 (D.P.R.1988) ("[t]he law appears very clear that where the subsidiary is the primary participant in a dispute involving both the parent and the subsidiary, the subsidiary is an indispensable party.") (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553 (5th Cir.1985)). Moreover, Advantek–Singapore has an interest in the outcome of this litigation even though it is not a formal signatory to the Agreement

and has not been sued by Dou Yee. If a judgment were entered against Advantek–U.S., that judgment might have a preclusive effect on fact issues and Advantek–Singapore's rights and liabilities, thus impairing its ability to defend itself against subsequent lawsuits that Dou Yee might file. *See e.g., Acton Co., Inc. v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir.1982) ("Even if ... [the absent party] would not be bound [by the prior ruling], an adverse ruling would be a persuasive precedent in a subsequent proceeding, and would weaken ... [the absent party's] bargaining position for settlement purposes ... [or] 'impair or impede' ... [the absent party's] ability to protect its interest in this matter."). In addition, if Dou Yee were to lose this litigation, it might pursue a separate action against Advantek–Singapore involving some of the same facts and issues that will be considered in this action, frustrating judicial economy. The court notes that even though Advantek–U.S. and Advantek–Singapore apparently are closely aligned, there is no evidence that Advantek–U.S.'s counsel can adequately protect Advantek–Singapore's interests given the locations of the parties and the facts of this case. Accordingly, the court concludes that Advantek–Singapore is a party that should be joined under Rule 19(a).

It is undisputed that if Advantek–Singapore were to join this litigation, diversity jurisdiction would be destroyed, depriving the court of subject matter jurisdiction. *See* 28 U.S.C. § 1332. Thus, the court must determine whether Advantek–Singapore is an indispensable party under Rule 19(b).

Applying the factors set forth in Rule 19(b), the court determines that Advantek–Singapore is an indispensable party. With respect to the first factor, the court places significant weight on the extent to which the absence of Advantek–Singapore might impair its ability to defend itself in subsequent lawsuits. *See e.g., Nowakowski v. Kohlberg*, 1991 WL 3028 at *4 (S.D.N.Y. Jan. 15, 1991) (citations omitted) (case not reported in Federal Supplement). Moreover, allowing this action to proceed in the absence of Advantek–Singapore might have the effect of thwarting one of the policies underlying Rule

19, reaching "complete, consistent and efficient settlement of controversies." *Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 73 (2d Cir.1984), *aff'g*, 98 F.R.D. 250 (S.D.N.Y.1983). Accordingly, the court finds that the first factor weighs in favor of finding that Advantek–Singapore is an indispensable party.

With respect to the second factor, the extent to which prejudice to Advantek–Singapore could be lessened, neither party suggests a way and the court finds no way in which a judgment against Advantek–U.S. could be shaped or limited to avoid potential prejudice to Advantek–Singapore. Accordingly, the court finds that the second factor weighs in favor of finding that Advantek–Singapore is an indispensable party.

With respect to the third factor, the adequacy of a judgment rendered in Advantek–Singapore's absence, the court finds that a judgment against Advantek–U.S. for commissions owed would be inadequate without Advantek–Singapore. Although not a signatory to the Agreement, Advantek–Singapore, with Dou Yee's acquiescence, paid Dou Yee's commissions. Thus, Advantek–Singapore would likely be responsible for any judgment rendered against Advantek–U.S. Accordingly, the court finds that the third factor weighs in favor of finding that Advantek–Singapore is an indispensable party.

With respect to the fourth factor, whether Dou Yee will have an adequate forum should the court dismiss its action, the court finds that Dou Yee could both file its action and obtain an adequate remedy in Singapore. In making that determination, the court notes that Advantek–U.S. and Advantek–Singapore have filed an action against Dou Yee in Singapore based on Dou Yee's alleged breach of the Agreement. Moreover, the court also notes that much of the discovery and many of the witnesses needed to resolve the parties' dispute are likely to be found in Singapore. Accordingly, the court finds that the fourth factor weighs in favor of finding that Advantek–Singapore is an indispensable party.

Based on the foregoing, the court determines that Advantek–Singapore is an indispensable party under Rule 19 and that addition of Advantek–Singapore will destroy di-

**190**

versity jurisdiction, thereby depriving the court of subject matter jurisdiction. Accordingly, the court concludes that this action must be dismissed. Because it determines that dismissal is appropriate, the court further concludes that Advantek–U.S.'s alternative motion to dismiss for improper venue under the doctrine of forum non conveniens is moot.[4]

Accordingly, **IT IS HEREBY ORDERED** that:

1. Advantek–U.S.'s motion to dismiss pursuant to Rules 19 and 12(b)(1) of the Federal Rules of Civil Procedure is granted; and

2. Advantek–U.S.'s motion to dismiss for improper venue is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

4. The court notes that if it were to rule on Advantek–U.S.'s motion under the doctrine of    forum non conveniens, the court would grant that motion.