**VIACOM INTERNATIONAL, INC., Plaintiff,**

v.

**Michael W. KEARNEY, Defendant/Third–Party Plaintiff,**

v.

**Camp, Dresser, and McKee, Third Party Defendant,**

and

**Conolog Corporation, Third–Party Defendant/Fourth–Party Plaintiff,**

v.

**Taylor Forge Stainless, Inc., Fourth–Party Defendant.**

No. 98 CIV. 6226(SAS).

United States District Court, S.D. New York.

June 22, 1999.

98

William R. Maguire, Hughes, Hubbard & Reed, New York City, for Viacom International, Inc.

Martha N. Donovan, William A. Dreier, Norris, McLaughlin & Marcus, Somerville, NJ, for Michael W. Kearney and Taylor Forge Stainless, Inc.

David Kosakoff, L'Abbate, Balkan & Colavita, Garden City, NY, for Camp, Dresser & McKee.

Richard F. Ricci, Lowenstein Sandler PC, Roseland, NJ, for Conolog Corporation.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

Plaintiff, Viacom International, Inc. ("Viacom"), brought a breach of contract action against Michael W. Kearney ("Kearney") for indemnification and declaratory relief. Kearney counter-claimed against Viacom, and subsequently brought claims for monetary damages and injunctive relief against Conolog Corporation ("Conolog") and Camp, Dresser, and McKee ("CDM"). In response, Conolog has brought claims against Taylor Forge Stainless, Inc. ("Taylor Forge").

Kearney, claiming that Taylor Forge is an indispensable party to the action under Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 19, moves to dismiss the action for lack of subject matter jurisdiction because the joinder of Taylor Forge will destroy diversity of citizenship, the sole source of this Court's jurisdiction.

Conolog, joined by Viacom, moves for a severance and a stay of the claims pending against them until the Viacom–Kearney indemnification dispute is resolved.

### I. Factual and Procedural Background

*Gulf and Western Manufacturing* ("Gulf and Western"), predecessor to Viacom, was the sole shareholder of Taylor Forge, a Delaware corporation engaged in the manufacture and sale of stainless steel, alloy fittings, and flanges. *See* Complaint ("Compl.") ¶ 8. Taylor Forge operates a manufacturing facility located in Somerville, New Jersey. On October 26, 1984, Kearney entered into a contract ("the Agreement") with Gulf and Western to purchase all existing shares in Taylor Forge. *See id.* ¶ 9. Viacom alleges that Kearney breached two provisions of the Agreement, and seeks both compensatory damages and a declaratory judgment concerning Kearney's future obligations.

Viacom's complaint against Kearney consists of three counts. In its first Count, Viacom alleges that the defendant has failed to honor section 7.7(iii) of the Agreement to indemnify Viacom for all costs and expenses in excess of $1.75 million paid to third parties to implement an environmental cleanup plan (the "Cleanup Plan") for Taylor Forge's New Jersey facility. *Id.* ¶ 15. The Cleanup Plan was required by an Administrative Consent Order issued by the New Jersey Department of Environmental Protection, and entered into by both Kearney and Gulf & Western in October 1984. Viacom alleges that it has thus far paid more than $3.8 million to third parties to implement the Cleanup Plan, and that Kearney has refused to pay any indemnification to Viacom. *Id.* ¶ 11. In its second Count, Viacom alleges that Kearney allowed Taylor Forge to worsen the environmental

condition of the Taylor Forge facility in violation of a provision of the Agreement, section 7.7(i), which prohibits him from doing so. *Id.* ¶ 19. In its final count, Viacom seeks declaratory relief ordering Kearney to indemnify Viacom for all existing and future costs stemming from the Cleanup Plan in excess of $1.75 million. *Id.* ¶ 23.

On November 30, 1998, Kearney brought twenty-two counterclaims against Viacom, alleging that Viacom committed fraud in negotiating the Agreement by misrepresenting the environmental situation of Taylor Forge, and failed to remediate its contamination of the site. *See* Answer, Separate Defenses, Counterclaim, Third Party Complaint and Jury Demand. Kearney also brought a third party complaint against Conolog, a Delaware corporation which operates a facility near the Taylor Forge site. Kearney alleges that the adjacent Conolog Facility contaminated and worsened the environmental condition of the Taylor Forge site. *Id.*

Viacom and Kearney have engaged in prior litigation concerning the Agreement and the Cleanup Plan. In August 1993, Kearney and Taylor Forge sued Gulf & Western's successor in the Superior Court of New Jersey (the "New Jersey action"). *See Taylor Forge Stainless, Inc. v. Paramount Communication Realty Corp.,* No. SOM–L–1538–93. Kearney and Taylor Forge pled a number of legal theories but the thrust of their contentions were that (1) Gulf & Western misrepresented the extent of the environmental contamination and the projected cost and time needed to clean up the facility; (2) Gulf and Western and its successors failed to clean up the facility in a diligent, careful and timely manner; and (3) the cost of implementing the Cleanup Plan refers to the actual physical remediation of the facility rather than tests, studies, evaluations, plans, and other similar expenses.

In May 1994, the parties consented to a dismissal of that action without prejudice so that they could work out a settlement. The court retained jurisdiction to enforce its order of dismissal, which provided that Taylor Forge and Kearney could reinstate the action if the parties did not reach a settlement. A full settlement between the parties was never reached, and Viacom filed this action in September 1998. The parallel state action in which all parties to this action are present, including Taylor Forge, is again active and currently pending in the Superior Court of New Jersey with a trial date set for June 1999.

On November 8, 1998, Kearney moved to dismiss or transfer this action. In February 1999, Kearney's motion was denied in an Opinion and Order holding that this Court had jurisdiction over the parties, venue was properly laid, and that transfer to the District of New Jersey was not warranted in light of the deference given to plaintiff's choice of forum. *See Viacom International, Inc. v. Kearney,* 98 Civ. 6226(SAS), 1999 WL 92601 (S.D.N.Y. Feb. 18, 1999). I also held that abstention in favor of the parallel state action was not warranted, noting that the federal courts are charged with a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Id.* at *5 (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). Given this obligation, abstention is only appropriate under "exceptional circumstances," which were not present at that time. *Id.* at *6. That opinion tangentially discussed the importance of Taylor Forge as a party to the action. "[T]he pleadings in both actions suggest that the allocation of expenses for the cleanup is the central dispute between the parties; any dispute between Viacom and Taylor Forge appears secondary." *Viacom,* 1999 WL 92601 at *6. When that Order was issued (February 1999), the only parties to the suit were Viacom, Kearney, and Conolog.

However, that Order did not address the indispensability of Taylor Forge as a party to the action. First, the prior statement regarding Taylor Forge was made in the context of a request for federal abstention in favor of a parallel state action. Abstention is a disfavored doctrine which is valid "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River Water Conservation Dist.,* 424 U.S. at 813, 96 S.Ct. 1236. The Second Circuit has consistently found

abstention to be "an 'extraordinary and narrow' exception to a federal court's duty to exercise its jurisdiction." *FDIC v. Four Star Holding Co.*, 178 F.3d 97 (2d Cir.1999) (quoting *Colorado River*, 424 U.S. at 813, 96 S.Ct. 1236). The extremely stringent threshold set for a finding of abstention is far higher than that necessary for a Rule 19 finding of an indispensable party.

Second, the facts of the case have changed substantially. On March 12, 1999, Conolog served a fourth party complaint against Taylor Forge, alleging that Taylor Forge caused the environmental contamination of Conolog's New Jersey facility. On March 19, 1999, Kearney asserted claims against CDM, a Massachusetts-based environmental consultant to Viacom. Kearney alleges that the mishandling and misfeasance of CDM exacerbated the site's environmental problems, and inhibited the normal business operations of Taylor Forge.

The addition of these parties changed the nature of this suit. As a result, it is no longer possible to view this case as merely a contract-based indemnification dispute independent of the environmental status of the Taylor Forge site, as it may have been in February.[1]

In April 1999, Kearney filed the instant motion to dismiss for lack of subject matter jurisdiction. Kearney claims that Taylor Forge is a necessary party to this action whose joinder is required by Fed.R.Civ.P. 19(a). Kearney further claims that Taylor Forge is an indispensable party according to Rule 19(b), requiring that this case be dismissed in favor of the New Jersey action where all parties, including Taylor Forge, can be present. The citizenship of all parties was diverse at the time this action was filed; however, the joinder of Taylor Forge, which like Viacom is a Delaware-chartered corporation, would deprive this Court of its jurisdiction.

Viacom opposes this motion and joins Conolog in a motion to sever and stay Kearney's claims against Conolog pending resolution of Viacom's contractual claims. Conolog argues that the principal dispute between Viacom and Kearney is a contractual matter to which it is not a party. Kearney responds that the major issue in this action is not merely contractual, but concerns the environmental status of the Taylor Forge site. As such, the claims between Kearney and Conolog are not independent of the Viacom–Kearney dispute.

## II. Rule 19: Necessary and Indispensable Parties

Rule 19 sets forth a two-part test to determine whether or not an absent party is indispensable to the continuance of an action. First, Rule 19(a) ascertains whether the absent party is "necessary," and must be joined if such joinder is feasible. If the threshold standard of Rule 19(a) is met, but joinder of the absent party is not feasible, the court must continue with Rule 19(b) to "assess whether or not, in equity and good conscience the action should proceed in the necessary party's absence." *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1124 (2d Cir.1990).

Because Taylor Forge, like Viacom, is a corporation chartered in Delaware, its joinder is not feasible. Therefore, if Taylor Forge is a necessary and indispensable party, Kearney's motion for dismissal for lack of subject matter jurisdiction must be granted.

### A. Rule 19(a)—Necessary Parties

There are two situations in which Rule 19(a) makes the joinder of a party necessary if feasible. Such joinder is necessary if:

(1) in the person's absence complete relief cannot be accorded among those already parties, or

(2)(A) the person claims an interest relating to the subject of the action and

(B) is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or

---

1. The difference in context between a request for abstention and a Rule 19 determination of indispensable party, and the addition of CDM and Taylor Forge as parties, distinguishes the analysis here from that of the prior Opinion. Thus, the prior Opinion which tangentially discussed the importance of Taylor Forge as a party is not binding.

(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19.

 Viacom argues that this action primarily concerns a breach of contract—a contract to which Viacom and Kearney were the sole parties. Viacom insists that Taylor Forge, a non-party to the contract, is not a necessary party under Rule 19(a), citing *Bayer Corp. v. Smithkline Beecham PLC*, 95 Civ. 5582(SHS), 1996 WL 34164 (S.D.N.Y. Jan. 29, 1996). In *Bayer*, the court found that, "[a]bsent an identifiable harm, [the absent parties], as the subject of the contract and not parties to it, are not 'necessary' parties to the litigation." *Id.* at *6.

However, *Bayer* carefully distinguishes its ruling from situations in which "the subsidiary was an active participant in the underlying dispute." *Id.* at *6. In such situations, a third party may indeed be necessary to a contractual claim despite its non-signatory status. *See Johnson & Johnson v. Coopervision, Inc.*, 720 F.Supp. 1116, 1119 (D.Del. 1989) ("While the only signatories to the Purchase Agreement are Johnson & Johnson and Cooper, another entity, Johnson's Iolab subsidiary is inextricably linked to the transaction. Iolab is a necessary party"). "Where the subsidiary is an active participant in the activity alleged as the basis for recovery, the subsidiary should be a party to the action." *Gay v. AVCO Fin. Serv., Inc.*, 769 F.Supp. 51, 56 (D.P.R.1991) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553 (5th Cir.1985)). *See also Dou Yee Enterprises (S) PTE, Ltd. v. Advantek, Inc.*, 149 F.R.D. 185, 188 (D.Minn.1993) ("Applying Rule 19(a) the court determines that Advantek–Singapore is a party that should be joined in this action. Although the Agreement is only between Advantek–U.S. and Dou Yee, Advantek–Singapore ... was a primary participant in the alleged fraudulent acts underlying Dou Yee's claims.").

The relationship between Kearney and Taylor Forge is directly analogous to that between the parent and subsidiary corporations discussed in the aforementioned cases.

The Agreement designated Kearney as the sole shareholder in Taylor Forge. While it is true that the only parties to the Agreement are Kearney and Viacom, Taylor Forge is directly implicated as an active, if not the primary, participant in the transaction. For example, Section 2.1 of the Agreement requires Taylor Forge, not Kearney, to make all payments to Viacom for the purchase of the corporation. Section 7.7(iii) of the Agreement, in which the Buyer [Kearney] agrees not to allow Taylor Forge to worsen the environmental status of its facility, again directly implicates Taylor Forge as an active participant in the disputed conduct. Therefore, Taylor Forge's non-party status under the Agreement should not bar its joinder as a necessary party.

Viacom charges Kearney with permitting Taylor Forge to worsen the environmental condition of the New Jersey site. *See* Compl. ¶¶ 12–13. Taylor Forge has a substantial legal interest in the environmental management of its own facility and the disposition of the action in its absence may as a practical matter impair or impede its ability to protect that interest. *See* Fed.R.Civ.P. 19(a)(2)(i).

Kearney's counter-claims against Viacom and third-party plaintiff claims against both Conolog and CDM further implicate the necessary status of Taylor Forge in this dispute. Kearney seeks injunctive relief on multiple counts ordering Viacom to remediate the damage caused by its alleged mishandling of the Taylor Forge site cleanup project. Kearney also demands injunctive relief ordering CDM and Conolog to remediate any contamination of the Taylor Forge site caused by their mishandling of hazardous substances. Such valid claims for injunctive relief are troubling in the absence of Taylor Forge. In addition, Taylor Forge is seeking injunctive relief on nearly identical grounds from these same parties in the parallel state action, thus causing a substantial risk that multiple parties may incur inconsistent obligations should this action continue. *See* Rule 19(a)(2)(ii).

Satisfying the requirements of Rule 19(a)(2)(i), and (a)(2)(ii), where meeting the criterion for either of these Rules would be

sufficient, clearly qualifies Taylor Forge as a necessary party for joinder.

### B. Rule 19(b)—Indispensable Parties

■ Once a party is found necessary for just adjudication under Rule 19(a), but joinder of that party is not feasible, the court must look to Rule 19(b) to determine whether or not the case may proceed in that party's absence. Rule 19(b) requires a pragmatic and fact-based analysis. The Rule lists four factors to guide the Court in assessing whether to proceed or dismiss. No one factor is determinative, nor should the Court necessarily place more emphasis on one factor over another. 4 James Wm. Moore, *Moore's Federal Practice*, § 19.05[1][A] (Matthew Bender 3d ed.) at 19–80. These factors are:

[F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

Rule 19(b) directs the court to weigh these factors in "equity and good conscience," thus leaving the district court with "substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward." *Dou Yee Enterprises (S) PTE, Ltd.*, 149 F.R.D. at 187 (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, § 1604 at 45–46 (West Group 2d ed.)). Applying these factors yields the conclusion that Taylor Forge is an indispensable party to this action.

■ Viacom has an entirely sufficient parallel forum in New Jersey to litigate all of its claims. Accordingly, there is no reason to believe that the plaintiff will not have the opportunity to achieve an adequate remedy if this suit is dismissed for nonjoinder. However, as the preceding analysis demonstrates, Taylor Forge has an undeniable legal interest in the resolution of this action and its absence is likely to prove prejudicial in protecting that interest. Given that the issues surrounding the parties in this case are inextricably intertwined, and the multiple demands for injunctive relief, it is doubtful that an adequate remedy can be fashioned which would lessen the prejudice faced by Taylor Forge as an absent party to this dispute.

Finally, an implicit interest indicated in the Rule 19(b) factors is, "the public interest in complete, consistent and efficient settlement of controversies." *Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 73 (2d Cir. 1984). Courts have interpreted the third factor of Rule 19(b), whether a judgment rendered in the person's absence will be adequate, to "refer to this public stake in settling disputes by wholes, whenever possible." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Kearney has demonstrated that because of the overlap that exists between the issues before this Court and those in the parallel state action, it would offend the notion of judicial economy to permit this action to continue in Taylor Forge's absence.

Taylor Forge is an indispensable party to this action and it must be joined. Because its joinder will destroy diversity of citizenship, this Court no longer has subject matter jurisdiction over the dispute. As a result, there is no need to consider Conolog's motion to sever and stay.

### III. Conclusion

For the foregoing reasons, Kearney's motion to dismiss for lack of subject matter jurisdiction is granted. The Clerk is directed to close this case.

SO ORDERED.