212 F.3d 721 (2nd Cir. 2000)
 VIACOM INTERNATIONAL, INC., Plaintiff-Counter-Defendant-Appellant,
v.
MICHAEL W. KEARNEY, Defendant-Third-Party-Plaintiff-Counter-Claimant-Appellee,
CAMP, DRESSER AND MCKEE, Third-Party-Defendant,
CONOLOG CORPORATION, Third-Party-Defendant-Counter-Claimant-Fourth-Party- Plaintiff,
TAYLOR FORGE STAINLESS, INC., Fourth-Party-Defendant.
 Docket No. 99-7797
August Term, 1999
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: January 12, 2000
Decided: May 19, 2000
 
 Appeal from an order of the United States District Court for the Southern District of New York (Shira A. Scheindlin, Judge) granting defendant-appellee Kearney's motion to dismiss the action pursuant to Fed. R. Civ. P. 19 for failure to join an indispensable party. We hold that the district court erred in granting defendant's motion because the purportedly indispensable party, Taylor Forge Stainless, Inc., was already present in the case as a fourth-party defendant and could file any claims necessary to protect its interests under the court's supplemental jurisdiction without destroying diversity jurisdiction.
 Vacated and remanded.
 WILLIAM R. MAGUIRE, Hughes, Hubbard & Reed LLP, New York, NY, for plaintiff- counter-defendant-appellant.
 WILLIAM A. DREIER, Norris, McLaughlin & Marcus, Somerville, NJ (M. Karen Thompson and Martha N. Donovan, on the brief), for defendant-third-party- plaintiff-counter-claimant-appellee.
 Before: NEWMAN, WALKER, and SOTOMAYOR, Circuit Judges.
 SOTOMAYOR, Circuit Judge:
 
 
 1
 Plaintiff-appellant Viacom International, Inc. ("Viacom") brought this diversity action in federal court against defendant-appellee Michael W. Kearney ("Kearney") seeking indemnification for costs arising from the environmental cleanup of the facilities at Taylor Forge Stainless, Inc. ("Taylor Forge"). Kearney filed counterclaims against Viacom and third-party complaints against two additional parties, one of whom filed a fourth-party complaint against Taylor Forge.
 
 
 2
 On June 21, 1999, the district court granted Kearney's motion to dismiss the action pursuant to Fed. R. Civ. P. 19, holding that Taylor Forge was a necessary and indispensable party who could not join in Kearney's counterclaims against Viacom without also destroying the court's diversity jurisdiction. See Viacom Int'l, Inc. v. Kearney, 190 F.R.D. 97, 102 (S.D.N.Y. 1999). We find that the district court erred in granting defendant's motion to dismiss because Taylor Forge was already present in the case as a fourth-party defendant and could file any claims necessary to protect its interests under the court's supplemental jurisdiction without destroying diversity jurisdiction.
 
 BACKGROUND
 
 3
 Prior to October 1984, Gulf & Western Manufacturing Company ("G&W") owned Taylor Forge, a steel manufacturing business located in Somerville, New Jersey and incorporated under the laws of Delaware. On October 26, 1984, G&W concluded an agreement ("October Agreement") with Michael Kearney-Taylor Forge's manager-whereby G&W sold all of its shares in Taylor Forge to Kearney. In order to obtain regulatory approval for the sale, G&W and Kearney entered into a consent order with the New Jersey Department of Environmental Protection ("NJDEP") which provided that G&W would undertake a NJDEP-approved cleanup plan for the Taylor Forge facilities. Under the October Agreement, G&W assumed the responsibility for implementing the cleanup plan and Kearney agreed to indemnify G&W for third-party costs and expenses in excess of $1.75 million.
 
 
 4
 In August 1993, Kearney and Taylor Forge sued G&W's successor, Paramount Communication Realty Corporation ("Paramount"), in New Jersey state court. The complaint sought declaratory and other relief, claiming, inter alia, that: (1) G&W procured Kearney's contractual indemnity commitment by fraud and misrepresentation regarding the extent of the environmental contamination and cleanup costs; and (2) the cleanup plan had not yet been implemented, thus damaging the value of Taylor Forge's business. In May 1994, the parties agreed to dismiss the New Jersey action, without prejudice, in order to explore the possibility of settlement.
 
 
 5
 On September 3, 1998, Viacom-the corporate successor of G&W and Paramount-filed this diversity action against Kearney in the United States District Court for the Southern District of New York. Viacom's complaint stated claims against Kearney for: (1) breach of his contractual indemnity obligations under Section 7.7(iii) of the October Agreement; (2) breach of Section 7.7(i) of the October Agreement, which required Kearney to prevent Taylor Forge from further contaminating the site; and (3) declaratory relief requiring Kearney to indemnify Viacom for all existing and future costs of implementing the cleanup plan in excess of $1.75 million. Significantly, Viacom's complaint stated no claim against Taylor Forge.
 
 
 6
 On November 30, 1998, Kearney answered and filed 22 counterclaims against Viacom. The thrust of Kearney's contentions was that: (1) G&W misrepresented the extent of the contamination and the projected cost and time required to clean up the Taylor Forge site; (2) G&W and its successors failed to carry out the NJDEP-approved cleanup plan in a diligent and timely manner; and (3) the cleanup costs covered by Kearney's indemnification duty refer only to the actual physical remediation of the facility and exclude tests, studies, evaluations, plans, and other similar expenses that Viacom and its predecessors incurred.
 
 
 7
 On November 20, 1998, Kearney filed a third-party complaint against Conolog Corporation ("Conolog"), Taylor Forge's neighbor, alleging that Conolog had contaminated the Taylor Forge site and was therefore liable for contribution. On March 19, 1999, Kearney filed a second third-party complaint against Camp, Dresser & McKee ("CDM"), Viacom's environmental consultant who had managed Viacom's cleanup operations at the Taylor Forge site. Kearney alleged that CDM's misfeasance exacerbated the site's environmental problems and frustrated the normal business operations of Taylor Forge. Finally, Conolog filed a fourth-party complaint against Taylor Forge on March 15, 1999, seeking contribution and indemnification.[1] Taylor Forge answered Conolog's complaint on April 15, 1999, thus becoming a fourth-party defendant in the instant litigation. Significantly, Taylor Forge has not filed any claims against any of the parties in this federal action.
 
 
 8
 Following the filing of this federal action, on November 20, 1998, Kearney and Taylor Forge reinstated their (amended) complaint in New Jersey state court against Viacom, asserting 22 claims that exactly mirrored the 22 counterclaims which Kearney filed in this action against Viacom. In April 1999, Kearney filed a motion to dismiss this action pursuant to Fed. R. Civ. P. 19, arguing that Taylor Forge was a necessary and indispensable party to the litigation.
 
 
 9
 In an opinion and order dated June 21, 1999, the district court granted Kearney's motion to dismiss, finding that Taylor Forge was a necessary and indispensable party under Rule 19 who could not join in Kearney's counterclaims against Viacom because doing so would destroy the court's diversity jurisdiction. See Viacom, 190 F.R.D. at 102. Viacom appeals from that order.
 
 DISCUSSION
 
 10
 Fed. R. Civ. P. 19 sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party. First, the court must determine whether an absent party belongs in the suit, i.e., whether the party qualifies as a "necessary" party under Rule 19(a). See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 124 (1968) ("'Persons having an interest in the controversy, and who ought to be made parties . . . are commonly termed necessary parties . . . .'") (quoting Shields v. Barrow, 58 U.S. (17 How.) 130, 139 (1854)). Rule 19(a) provides that the absent party should be joined, if feasible, where:
 
 
 11
 (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.
 
 
 12
 Fed. R. Civ. P. 19(a). If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b). See Associated Dry Goods Corp. v. Towers Fin. Corp., 920 F.2d 1121, 1123 (2d Cir. 1990).
 
 
 13
 But where the court makes a threshold determination that a party is necessary under Rule 19(a), and joinder of the absent party is not feasible for jurisdictional or other reasons, see Fed. R. Civ. P. 19(b) (stating that, if an absent party satisfies the Rule 19(a) standard, a court must next assess the feasibility of joinder before conducting a Rule 19(b) analysis); 4 Moore's Federal Practice § 19.02[3][b] (3d ed. 1999) (identifying situations where joinder of an absent party is not feasible), the court must finally determine whether the party is "indispensable." If the court determines that a party is indispensable, then the court must dismiss the action pursuant to Rule 19(b). See Conntech Dev. Co. v. University of Conn. Educ. Properties, Inc., 102 F.3d 677, 681-82 (2d Cir. 1996) (citing Patterson, 390 U.S. at 108-25)). Rule 19(b) provides:
 
 
 14
 [T]he court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
 
 
 15
 Fed. R. Civ. P. 19(b).
 
 
 16
 Applying this analytical framework, the district court first concluded that Taylor Forge was a "necessary" party under Rules 19(a)(2)(i) and (a)(2)(ii):[2]
 
 
 17
 While it is true that the only parties to the [October] Agreement are Kearney and Viacom, Taylor Forge is directly implicated as an active, if not the primary, participant in the transaction. . . . Therefore, Taylor Forge's non-party status under the Agreement should not bar its joinder as a necessary party.
 
 
 18
 . . . . Taylor Forge has a substantial legal interest in the environmental management of its own facility and the disposition of the action in its absence may as a practical matter impede or impair its ability to protect that interest. . . .
 
 
 19
 . . . . In addition, Taylor Forge is seeking injunctive relief on nearly identical grounds from these same parties in the parallel state action, thus causing a substantial risk that multiple parties may incur inconsistent obligations should this action continue. . . .
 
 
 20
 Viacom, 190 F.R.D. at 101 (citations omitted).
 
 
 21
 Upon finding that Taylor Forge qualified as a necessary party, the district court next determined that, for jurisdictional reasons, it would not be feasible for Taylor Forge to join with Kearney in his counterclaims against Viacom. Specifically, the district court concluded that "the joinder of Taylor Forge, which like Viacom is a Delaware-chartered corporation, would deprive this Court of its jurisdiction" under 28 U.S.C.§ 1332. Id. at 100. Finally, the district court dismissed the action under Rule 19(b) because it found that "Taylor Forge is an indispensable party to this action and it must be joined." Id. at 102 ("Because its joinder will destroy diversity of citizenship, this Court no longer has subject matter jurisdiction over the dispute.").
 
 
 22
 This Court reviews a district court's Rule 19 dismissal under the abuse of discretion standard. See Jota v. Texaco Inc., 157 F.3d 153, 161 (2d Cir. 1998) (citing Envirotech Corp. v. Bethlehem Steel Corp., 729 F.2d 70, 75 (2d Cir. 1984)). Moreover, "[w]hen reviewing a district court's determination of its subject matter jurisdiction, we review factual findings for clear error and legal conclusions de novo." Conntech, 102 F.3d at 681 (quoting McCarthy v. Navistar Fin. Corp., 59 F.3d 9, 11 (2d Cir. 1995)).
 
 
 23
 Reviewing this matter on appeal, we find a serious question as to whether Taylor Forge qualifies as a "necessary" party under Rule 19(a) and, a fortiori, whether Taylor Forge is an "indispensable" party within the meaning of Rule 19(b). We need not decide these issues here, however, because we conclude that Taylor Forge was already present in the litigation and could have joined with Kearney in asserting its 22 claims against Viacom without destroying the court's subject matter jurisdiction. In other words, we hold that, as a jurisdictional matter, it is feasible for Taylor Forge to file any claims necessary to protect its interests in this case.
 
 
 24
 Viacom brought its original complaint against Kearney under 28 U.S.C. §1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The statute further provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Id. §1332(c)(1). Because Viacom and Kearney are citizens of different states[3] and the amount in controversy exceeds $75,000, Viacom's original complaint-and Kearney's counterclaims-clearly fell within the district court's diversity jurisdiction. See Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State.") (internal quotation marks omitted).
 
 
 25
 In its June 19, 1999 opinion, the district court concluded that, if Taylor Forge were to join with Kearney in asserting claims against Viacom, such participation in the lawsuit would divest the court of subject matter jurisdiction. We disagree. Reviewing this legal question de novo, we find that the district court could have exercised supplemental jurisdiction over Taylor Forge's claims against Viacom without destroying the court's original diversity jurisdiction.
 
 
 26
 In cases where a district court has original jurisdiction, it may also exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Section 1367(b) limits the scope of that jurisdictional grant in diversity cases, providing that:
 
 
 27
 In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.
 
 
 28
 28 U.S.C. § 1367(b) (emphasis added).
 
 
 29
 Significantly, § 1367(b) reflects Congress' intent to prevent original plaintiffs-but not defendants or third parties-from circumventing the requirements of diversity. See H.R. Rep. No. 101-734, at 29 (1990), reprinted in 1990 U.S.C.C.A.N. 6860, 6875 (explaining that the purpose of § 1367(b) is to prevent "plaintiffs [from being able] to evade the jurisdictional requirement of 28 U.S.C. §1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have intervened or been joined on a supplemental basis") (emphasis added); see also David D. Siegel, Practice Commentary, reprinted in 28 U.S.C.A. § 1367, at 832 (West 1993) (noting that § 1367(b) "is concerned only with efforts of a plaintiff to smuggle in claims that the plaintiff would not otherwise be able to interpose . . . . The repetition of the word 'plaintiffs' at several rule-citing junctures in subdivision (b) makes this clear.") (emphases added).
 
 
 30
 By contrast, "[b]ecause defendants are involuntarily brought into court, their [claims a]re not deemed as suspect as those of the plaintiff, who is master of his complaint." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998); see also Associated Dry Goods, 920 F.2d at 1126 (noting that "ancillary jurisdiction should be more readily available to one haled into court against his or her will than to a plaintiff who has chosen the forum for litigation") (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 376 (1978)); Denis F. McLaughlin, The Federal Supplemental Jurisdiction Statute-A Constitutional and Statutory Analysis, 24 Ariz. St. L.J. 849, 929 (1992) ("Because a third-party defendant is not a plaintiff, the restrictions of §1367(b) do not apply.").
 
 
 31
 Under this analysis, a non-diverse fourth-party defendant such as Taylor Forge may bring claims against plaintiff Viacom ("downsloping claims"), but Viacom may not bring claims-or counterclaims-against Taylor Forge ("upsloping claims"). Compare Development Fin. Corp. v. Alpha Hous. & Health Care, Inc., 54 F.3d 156, 161 (3d Cir. 1995) ("We conclude that § 1367(b) does not deprive the district court of supplemental jurisdiction over a counterclaim or cross claim raised by an intervening defendant, even where the intervenor shares citizenship with an original party."), with Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 412 n.15 (3d Cir. 1993) (noting that upsloping Rule 14(a) claims by non-diverse parties destroy diversity). See also 3 Moore's Federal Practice §§14.41[4][d][iii]-[iv] (noting that supplemental jurisdiction will support downsloping Rule 14(a) claims but will not support upsloping Rule 14(a) claims); 4 id. §19.04[1][b] (explaining that § 1367 "precludes supplemental jurisdiction over claims (1) by plaintiffs joined under Rule 19 (necessary parties); (2) by absentees seeking to intervene as plaintiffs under Rule 24 (intervention); and (3) by plaintiffs against parties joined under Rule 14 (third-party practice or impleader), Rule 19 (necessary parties), Rule 20 (proper parties), or Rule 24 (intervention)") (emphases added).
 
 
 32
 Accordingly, we find that § 1367(b) poses no bar to the exercise of supplemental jurisdiction over Taylor Forge's downsloping Rule 14(a) claims against Viacom, and the only issues for adjudication are (1) whether such claims are "part of the same case or controversy" under §1367(a), and (2) whether § 1367(c) counsels against the exercise of such jurisdiction.[4] See 28 U.S.C. § 1367(a), (c).
 
 
 33
 The § 1367(a) analysis gives us little pause because, just as in the New Jersey action, the substance of Taylor Forge's claims are identical to Kearney's 22 compulsory counterclaims. Therefore, Taylor Forge's claims are, by definition, "part of the same case or controversy." See Seabrook v. Jacobson, 153 F.3d 70, 71 (2d Cir. 1998) ("Under 28 U.S.C. §1367(a), federal courts have jurisdiction to decide claims over which they would not otherwise have jurisdiction, if those claims are so related to claims over which they do have jurisdiction that the claims form part of the same case or controversy.").
 
 
 34
 Furthermore, although § 1367(c) provides that the exercise of supplemental jurisdiction is discretionary, we see no reason for declining to exercise supplemental jurisdiction over Taylor Forge's claims in the instant case. See generally Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994) (explaining that a district court may decline to exercise supplemental jurisdiction based on "considerations of judicial economy, convenience, and fairness to litigants"). Specifically, we note that Viacom's complaint states no claim against Taylor Forge in federal court, just as it asserted no (counter)claims against Taylor Forge in the New Jersey action. Indeed, Viacom stated at oral argument that it waives any potential claims (or counterclaims) against Taylor Forge in federal court. The exercise of supplemental jurisdiction over Taylor Forge's claims against Viacom therefore threatens no prejudice to Viacom.[5] Moreover, the exercise of supplemental jurisdiction over Taylor Forge's claims promotes judicial economy because, if this litigation is allowed to proceed, the district court will be required to adjudicate Kearney's 22 (sister) counterclaims against Viacom.[6]
 
 
 35
 In light of the foregoing, we find that Taylor Forge could have filed any claims against Viacom necessary to protect its interests without destroying the district court's subject matter jurisdiction. This Court has emphasized in the Rule 19 context that "'the parties actually before the court are obliged to pursue any avenues for eliminating the threat of prejudice.'" Associated Dry Goods, 920 F.2d at 1125 (quoting C. Wright & A. Miller, 7 Federal Practice and Procedure § 1608, at 112-13) (emphasis deleted). In the instant case, we view as dispositive Taylor Forge's presence in the action coupled with its failure to avoid any potential prejudice to itself by attempting to file claims against Viacom under the court's supplemental jurisdiction. Cf. id. at 1124 (holding that dismissal under Rule 19(b) was improper where defendant could have avoided any threat of prejudice by joining the absent third party in its counterclaim against plaintiff) (citations omitted). We therefore hold that the district court's dismissal of this action under Rule 19 for failure to join Taylor Forge as an indispensable party constituted an abuse of discretion.
 
 CONCLUSION
 
 36
 For the foregoing reasons, we vacate the district court's June 22, 1999 order granting defendant Kearney's motion to dismiss this action and remand for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 Conolog also filed a counterclaim against Kearney and a third-party claim against Viacom.
 
 
 [2]
 The district court did not consider whether Taylor Forge qualified as a necessary party under Rule 19(a)(1) and the parties concede that the issue is not before this Court.
 
 
 [3]
 The parties do not dispute the citizenship of the various entities in this case. Plaintiff Viacom is a Delaware corporation with its principal place of business in New York and defendant Kearney is a citizen of Florida.
 Third-party defendant CDM is a citizen of Massachusetts and third-party defendant Conolog is a Delaware corporation with its principal place of business in New Jersey. Finally, fourth-party defendant Taylor Forge is a Delaware corporation with its principal place of business in New Jersey.
 
 
 [4]
 Although not an issue on appeal, we note that this same supplemental jurisdiction analysis would apply to Conolog's downsloping Rule 14(a) claims against Viacom and any other claims between third-party litigants.
 
 
 [5]
 The analysis of this case would differ if Viacom had an interest in asserting upsloping claims or counterclaims against Taylor Forge and could not do so.
 
 
 [6]
 It would appear that, through the exercise of supplemental jurisdiction over the various third-party claims in this case, this federal action could potentially duplicate the universe of parties and claims before the New Jersey state court and eliminate the need for litigation in dual fora. We express no opinion here regarding the appropriateness of a stay pending resolution of the parties' claims in the New Jersey action.